Argued and submitted June 29, convictions affirmed; remanded for resentencing
August 12, 1992

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL LLOYD REESE,
*Appellant.*

(91P-3012; CA A70748)

836 P2d 737

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was convicted on two counts of kidnapping in the first degree, ORS 163.235, and attempted sodomy in the first degree. ORS 163.405. The sentencing court found that he is a dangerous offender under ORS 161.725 and ORS 161.735. It also found that he had previously been convicted of rape, one of the crimes listed in ORS 137.635(2). It sentenced him to a determinate term of 30 years incarceration, pursuant to ORS 137.635, meaning that he must serve the entire sentence without eligibility for parole. Defendant argues that the trial court erred in imposing the sentence. He contends that the sentencing guidelines and the dangerous-offender statutes preclude imposition of a 30-year determinate term.

The issue involves the interplay of ORS 161.725 and ORS 161.735, the dangerous offender statutes, with ORS 137.635, the codification of Ballot Measure 4, enacted by initiative in 1988. ORS 137.635(1) provides that defendants who previously have been convicted of certain crimes must serve determinate terms:

"When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but * * * the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. The sentence shall not exceed the maximum sentence provided by law in such cases."

In *State v. Haydon*, 113 Or App 205, 832 P2d 457 (1992), we held that, as a result of the guidelines legislation, ORS 137.635 does not apply to a defendant who commits a felony on or after November 1, 1989, and he is to be sentenced under the sentencing guidelines and not be subject to an indeterminate sentence under ORS 137.120.

Under ORS 161.725, there *is* an indeterminate sentence, the maximum term of which may be 30 years. It is a statutory exception to the determinate sentences required under the guidelines. *State v. Serhienko*, 111 Or App 604, 826 P2d 114 (1992). ORS 161.725 provides, in part:

"Subject to the provisions of ORS 161.737, the maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years * * *."

However, we conclude that ORS 161.725 does not permit imposition of a determinate term pursuant to ORS 137.635, which applies only to sentences under ORS 137.120, *not* to the indeterminate term under ORS 161.725, the dangerous offender statute.

The state urges that the specific provision of ORS 137.635(1) be held to control over the more general provisions of ORS 161.725. That argument ignores the specific requirements in ORS 161.737:

"(1)   A sentence imposed under ORS 161.725 and 161.735 for felonies committed on or after November 1, 1989, shall constitute a departure from the sentencing guidelines created by rules of the State Sentencing Guidelines Board. The findings made to classify the defendant as a dangerous offender under ORS 161.725 and 161.735 shall constitute substantial and compelling reasons to depart from the presumptive sentence as provided by rules of the State Sentencing Guidelines Board.

"(2)   When the sentence is imposed, the sentencing judge shall indicate on the record the reasons for the departure and the presumptive sentence that would have been imposed if the court had not imposed the sentence under ORS 161.725 and 161.735 as a departure."

ORS 161.735 demonstrates that the legislature did not intend a 30-year indeterminate sentence under ORS 161.725 to be imposed as a determinate sentence under ORS 137.635.[1] Rather, it provides a specific exception for treatment within the guidelines system for dangerous offenders. It provides that dangerous offender findings constitute a basis for a departure. Although the court may impose an indeterminate sentence on the basis of those findings, it must indicate the presumptive sentence that would have otherwise been imposed. The entire 30-year sentence does not necessarily have to be served because, once the presumptive sentence has been served, the offender becomes eligible for consideration for post-prison supervision. ORS 144.232(1).

---

[1] *See also Oregon Sentencing Guidelines Implementation Manual* 143 (1992).

The trial court erred in imposing a 30-year determinate sentence. Defendant asks us to modify the judgment to eliminate it. We do not have that authority. ORS 138.222(5).

Convictions affirmed; remanded for resentencing.