Argued and submitted March 31, convictions affirmed; remanded for resentencing
June 8, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL LLOYD REESE,
*Appellant.*

## (91P-3012; CA A79298)

876 P2d 317

David K. Allen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Haselton, Judges.

WARREN, P. J.

## WARREN, P. J.

This case is before us a second time. Defendant was convicted of two counts of kidnapping in the first degree, ORS 163.235, and attempted sodomy in the first degree, ORS 163.405. The sentencing court found that defendant was a dangerous offender and sentenced him to a determinate term of 30 years incarceration pursuant to ORS 137.635. In our opinion, 114 Or App 557, 836 P2d 737 (1992), we remanded for resentencing, holding that the 30-year term under ORS 137.635 is an indeterminate term. We noted the specific requirement under the version of ORS 161.737 then in effect,[1] that the court was required to indicate the presumptive sentence that would have been imposed, if the court had not sentenced defendant as a dangerous offender. We concluded:

> "ORS 161.735 demonstrates that the legislature did not intend a 30-year indeterminate sentence under ORS 161.725 to be imposed as a determinate sentence under ORS 137.635. Rather, it provides a specific exception for treatment within the guidelines system for dangerous offenders. It provides that dangerous offender findings constitute a basis for a departure. Although the court may impose an indeterminate sentence on the basis of [dangerous offender] findings, *it must indicate the presumptive sentence that would have been imposed*. The entire 30-year sentence does not necessarily have to be served because, once the presumptive sentence has been served, the offender becomes eligible for consideration for post-prison supervision. ORS 144.232(1)." 114 Or App at 560. (Emphasis supplied; footnote omitted.)

As the Supreme Court later stated in *State v. Davis*, 315 Or 484, 495, 847 P2d 834 (1993), the presumptive sentence under the guidelines is the part of the sentence that the offender must serve. OAR 253-03-001(16) provides that the presumptive sentence

> "means the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the

---

[1] The 1993 legislature amended ORS 161.737 and related statutes to permit imposition of twice the presumptive term as a minimum term. Or Laws 1993, ch 334, § 6. The state does not contend that the amendment applies to this appeal. Our references to ORS 161.737 are to the statute as it read when defendant was sentenced.

crime seriousness ranking of the current crime of conviction and the offender's criminal history."

Thus, under the guidelines, a presumptive sentence is a term of art indicating the range of months found in the grid block created by a defendant's criminal history and the crime seriousness ranking. *State v. Davis, supra,* 315 Or at 487. Here, defendant's grid block of 10-A has a presumptive term of 121 to 130 months.

■     On remand, the court again found that defendant was a dangerous offender under ORS 161.725, and the judgment recited the term of incarceration as 30 years. The judgment also recited the sentence which the court would have imposed, had it not found him to be a dangerous offender. However, instead of using the presumptive term as defined by OAR 253-03-001(16), the court accepted the state's argument that it could impose a guidelines departure sentence as the presumptive term. That was error. A dangerous offender sentence is, by definition, already a departure. ORS 161.737(1).

■     Defendant again appeals, assigning as error the trial court's use of a departure sentence as the presumptive term. The state argues that defendant failed to preserve his claim of error. However, the issue before the court was whether it could use a departure sentence as a presumptive term. We conclude that defendant's objection to imposition of a sentence other than one dictated by this court's opinion was sufficient to preserve his objection.

■     Furthermore, even if defendant's objection did not direct the court's attention to what the presumptive sentence should have been, we would exercise our discretion to address the error. Failing to indicate the presumptive term mandated by ORS 161.737, OAR 253-03-001(16), our opinion and *State v. Davis, supra,* is an error apparent on the face of the record. The error is also egregious, as it establishes a term of imprisonment that defendant must serve before being considered for release that is twice as long as the presumptive term.

The trial court was required to impose the *presumptive sentence* under the sentencing guidelines as the determinate part of its dangerous offender sentence. It failed to do so. The entire case is remanded for resentencing. *State v.*

*Dvorak*, 124 Or App 578, 863 P2d 1314 (1993), *rev den* 318 Or 351 (1994).

Convictions affirmed; remanded for resentencing.