**Michael REESE, Petitioner–Appellant,**

v.

**George H. BALDWIN, Respondent–Appellee.**

**No. 01–35153.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2001

Filed March 12, 2002.

Dennis N. Balske, Assistant Federal Public Defender, Portland, OR, for the petitioner-appellant.

Robert B. Rocklin, Assistant Attorney General, Salem, OR, for the respondent-appellee.

Before: HUG, T.G. NELSON, and GOULD, Circuit Judges.

Opinion by Judge GOULD; Dissent by Judge T.G. NELSON.

GOULD, Circuit Judge.

## OVERVIEW

Petitioner Michael Reese ("Reese") appeals the district court ruling that his claim of ineffective assistance of appellate counsel in his § 2254 habeas petition is procedurally defaulted because of lack of exhaustion. The issue is whether Reese adequately alerted the state courts to the federal nature of his claims. We reverse the district court, concluding that Reese fairly presented his federal claims to the state courts, and we remand for further proceedings on his habeas petition.

## PROCEDURAL HISTORY

I. Conviction and Direct Appeals

The story pertinent to this habeas appeal begins when Reese was convicted on two counts of kidnaping and one count of attempted sodomy in Oregon state court. The trial court sentenced Reese as a dangerous offender. This allowed the court to depart from the usual sentencing guidelines. The court issued a determinate sentence of thirty years on the kidnaping counts. That meant that Reese would have to serve the entire thirty years without eligibility for parole. The court also sentenced Reese to three years on the attempted sodomy count, a determinate sentence to be served consecutively to the one on the kidnaping counts. Facing a thirty-three year sentence with no possibility of parole, Reese thus far had not fared well.

The Oregon Court of Appeals affirmed the convictions. But it remanded for re-

sentencing because Oregon law required the sentencing court to indicate what the presumptive sentence would have been had Reese not been sentenced as a dangerous offender, which the trial court hadn't done. Under Oregon law, Reese could have been eligible for parole after he served the presumptive term, and so this omission had potential impact on Reese's tenure as a convict.

On this first remand the court again sentenced Reese to thirty years on the kidnaping counts as a dangerous .offender. And this time the court also specified the presumptive sentence that the court would have imposed if it had not found Reese to be a dangerous offender. However, as grist for the mill of further appeals, this presumptive sentence specified by the court was also a departure from the sentencing guidelines. Stated differently, the sentence that the court said it would have issued absent departure from the sentencing guidelines for a dangerous offender was itself also a departure from the sentencing guidelines. Again, Reese had not fared well.

But this use of a departure for the presumptive sentence was not permissible under Oregon law, and the Oregon Court of Appeals again remanded for resentencing. The appeals court noted that the correct presumptive sentence under the guidelines without departure should have been between 121 and 130 months. *See State v. Reese*, 128 Or.App. 323, 876 P.2d 317, 319 (1994).

On the third sentencing after the second remand, the Oregon sentencing court appointed different counsel to represent Reese. Reese then objected to the new attorney and proceeded pro se. This time, facing the pro se Reese alone, the trial court did not sentence Reese as a dangerous offender. Instead, the court sentenced Reese to 260 months on the kidnaping convictions, plus the three year consecutive term for attempted sodomy. The length of the kidnaping sentence was a departure from the guidelines, though not for being a dangerous offender. Yet another time, Reese had not fared well. The Court of Appeals on the second appeal had stated that Reese when sentenced as a dangerous offender could be eligible for parole after 11 years, the presumptive term. But on remand, in the third sentencing, the court abandoned dangerous offender status as the basis for departure, and departed on other grounds.

Reese appealed his sentence again for the third time and was appointed still another counsel. But Reese's appeal proceeded under an ill star. Reese's appellate counsel declined to champion Reese's position and filed a *Balfour* brief with the Oregon Court of Appeals suggesting that the appellate issues had no merit. The *Balfour* system is Oregon's version of the *Anders* briefing system announced in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), through which appointed counsel present claims they conclude are frivolous.[1]

The Oregon Court of Appeals on this third appeal affirmed Reese's sentence without written opinion. *See State v. Reese*, 134 Or.App. 629, 894 P.2d 1268 (1995). Reese did not seek review by the Oregon Supreme Court. Thus ends the saga of Reese's direct appeal.

---

1. Under the *Balfour* system, counsel files a brief notifying the court that counsel feels the appeal lacks merit. Counsel writes and signs Part A of the brief, which gives a statement of facts and procedural history. Counsel includes any issues that the appellant wishes to raise in Part B of the brief, which is signed by the appellant. Contrary to the system announced in *Anders*, Oregon's system does not require counsel to withdraw. Instead, counsel remains on hand to help the appellant with any issues appellant might want to raise. Additionally, unlike in *Anders*, an Oregon court presented with a *Balfour* brief does not engage in its own independent review of the

## II. Post Conviction Review

As is typical in Oregon, however, that was not the end of the matter. Reese filed a pro se petition for state post conviction relief ("PCR"). As it turns out, the tale of Reese's PCR process is the part of the state court proceedings that is most pertinent for our purposes in this appeal. The PCR court appointed still another new counsel for Reese. Counsel filed an amended petition raising a claim of ineffective assistance of appellate counsel, citing explicitly to the Sixth and Fourteenth Amendments of the federal constitution as well as to the Oregon constitution.[2]

The PCR court denied the ineffective assistance of appellate counsel claim with a terse ruling, citing federal law authority. In its Memorandum of Opinion, beneath a heading "Adequate Appellate Counsel," the court simply wrote, "Appellate counsel need not present every colorable issue. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)."[3] Reese again appealed, now in the PCR process.

Reese was appointed again still another counsel for the PCR appeal in the Oregon Court of Appeals. Reese's PCR appellate counsel filed a *Balfour* brief stating there were no meritorious claims, just as Reese's direct appeal counsel had done. For Part B of the *Balfour* brief, the section presenting the claims that counsel thought frivolous, counsel inexplicably attached Reese's pro se PCR petition rather than the amended petition that had been prepared by an attorney. As a result, the *Balfour* brief did not explicitly cite to federal authority for the ineffective assistance of appellate counsel claim, as the amended petition had done. The state filed a motion for summary affirmance, which Reese's attorney did not oppose. The Oregon Court of Appeals granted the motion, and summarily affirmed the PCR court's decision without a written opinion.[4]

Reese next filed a petition for review in the Oregon Supreme Court. This petition

---

entire record. *See State v. Balfour,* 311 Or. 434, 814 P.2d 1069 (1991).

2.  The amended petition stated:

    Petitioner was denied adequate assistance of appellate counsel under the Sixth and Fourteenth Amendments to the Constitution of the United States and under Article I, Section 11, of the Constitution of Oregon, in that counsel on appeal failed to:
    a.  Withdraw as attorney for Petitioner due to conflict of interest in that her husband ... had been the attorney for prosecution three times on Petitioner's cases;
    b.  Notify Petitioner in advance when she removed Petitioner's attorney David Allen, from Petitioner's case and became the attorney of record for Petitioner without Petitioner's consent;
    c.  Raise issues that had been preserved for appeal;
    d.  File a timely Notice of Appeal;
    e.  Obtain trial transcripts in a timely manner and in order to provide a thorough and proper appeal.

3.  Just above the court's decision on the appellate counsel claim was a separate heading entitled "Adequate Assistance of Counsel". Under that heading, another terse ruling stated, "Petitioner received adequate assistance of trial counsel," and cited *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the leading federal precedent establishing the standard for ineffective assistance of counsel under the Sixth Amendment, as well as citing *"Krummacher v. Gierloff,* 290 Or. 867, 627 P.2d 458 (1981)," an Oregon case analyzing ineffective assistance claims under both the federal and Oregon constitutions. *See Krummacher,* 290 Or. 867, 627 P.2d 458, 461.

4.  The Court of Appeals issued an order granting the motion for summary affirmance and affirming the PCR court's decision:
    "Respondent has moved for summary affirmance pursuant to ORS 138.660 on the ground that this appeal presents no substantial question of law. Appellant has not opposed the motion. The motion is granted.
    "Affirmed."

cited to the Sixth and Fourteenth Amendments of the federal constitution, but the citations appeared to support claims for ineffective assistance of trial counsel only. The sentence containing these citations stated, "Moreover, since Petitioner asserts he was coerced and threatened by counsel to waive his right to trial by jury, Petitioner believes his 5th, 6th and 14th amendment rights have been violated." Reese's claim alleging ineffective assistance of counsel on direct appeal was made summarily, along with many other claims. The petition contained no express citation to federal authority for the claim.[5] The Oregon Supreme Court denied review.

III. Federal Habeas

With the past state court stage thus set, Reese filed in federal court a habeas petition and later an amended habeas petition alleging, among other claims, ineffective assistance of counsel on direct appeal.

The case was referred to a federal magistrate judge, who in turn recommended finding that Reese fairly presented his claim of ineffective assistance of appellate counsel. The magistrate judge recommended granting relief for that claim and denying relief for Reese's other claims.[6] The district court rejected the magistrate judge's recommendation, held that Reese did not fairly present this claim of ineffective appellate counsel to the Oregon Court of Appeals, and held that the claim was procedurally defaulted.[7] The district court denied Reese's other claims, and rejected Reese's motion for reconsideration. Reese appeals the dismissal of his habeas petition.

**DISCUSSION**

We review only the district court's determination that Reese procedurally defaulted his ineffective assistance of appellate counsel claim.[8]

5. For convenience, we set forth relevant parts of the petition, including the full argument section of the petition:

**Statement of reasons for reversal of Court of Appeals**

The decision of the Court of Appeals should be reversed for the following reason: Petitioner was subject to several errors with respect to this case, including improper sentencing, ineffective assistance of both trial court and appellate court counsel, prosecutorial misconduct, improper waiver of jury and improper investigation.

**Statement of Facts**

... Petitioner alleges trial court errors related to sentencing, in that the Petitioner received an unlawful dangerous offender sentence. Moreover, Petitioner alleges claims of error with respect to improper waiver of a jury trial, failure to provide a fair and impartial trial, improper resentencing, inadequate assistance of counsel, inadequate investigation and inadequate appellate counsel.

**Argument**

The sentence levied upon the petitioner is improper in that Petitioner was subject to several errors with respect to this case, including improper sentencing, ineffective assistance of counsel, prosecutorial miscon-

duct, improper waiver of jury and improper investigation.

Petitioner asserts that his imprisonment is in violation of ORS 138.530. Petitioner alleges that the sentence violates his eighth amendment rights against cruel and unusual punishment. Moreover, since Petitioner asserts he was coerced and threatened by counsel to waive his right to trial by jury, Petitioner believes his 5th, 6th and 14th amendment rights have been violated.

6. The magistrate judge would have granted relief because she would have held Oregon's *Balfour* system unconstitutional. Because we find only that Reese exhausted his claim of ineffective assistance of appellate counsel, we do not have occasion to rule on the constitutionality of the *Balfour* system.

7. The district court based its decision on our recent opinion in *Lyons v. Crawford,* 232 F.3d 666 (9th Cir.2000). In *Lyons* we held that strict rules for fair presentation to state courts applied to pro se petitioners. *See Lyons,* 232 F.3d at 669.

8. Accordingly, we do not now have occasion to review the merits of the ineffective assistance of appellate counsel claim or any other claims contained in Reese's habeas petition. If there was procedural default, a defaulted

**1190**

## I. Standard of Review

■ The district court's dismissal of a 28 U.S.C. § 2254 habeas claim on the ground of procedural default presents issues of law that we review de novo. *See La Crosse v. Kernan,* 244 F.3d 702, 704 (9th Cir.2001).

## II. Exhaustion

■ A state prisoner must exhaust available state court remedies on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. *See Keeney v. Tamayo–Reyes,* 504 U.S. 1, 9, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). Exhaustion is required by statute. *See* 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement of § 2254, habeas petitioners must 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights.' " *Lyons v. Crawford,* 232 F.3d 666, 668 (2000), *as modified by* 247 F.3d 904 (9th Cir.2001) (quoting *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995)).

■ The exhaustion requirement has long been rooted in our commitment to federalism, *see Ex Parte Royall,* 117 U.S. 241, 251–52, 6 S.Ct. 734, 29 L.Ed. 868 (1886), and it goes hand in hand with our respect for state court processes. State courts, like federal courts, may enforce rights under the federal constitution. *See Tafflin v. Levitt,* 493 U.S. 455, 458–59, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990).

■ If a habeas petitioner fails to exhaust a claim, it may be procedurally defaulted. A claim is procedurally defaulted

"if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 848–49, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir.1990). If Reese did not fairly present his claims to the Oregon courts, he procedurally defaulted them, because he is now barred by Oregon's time limits from going back and trying again to exhaust them. *See* Or.Rev. Stat. § 138.071 (2001).

### A. Scope of *Lyons*

■ *Lyons* carefully addressed and established helpful guidelines for assessing whether a federal claim was fairly presented in the state court. As we explained, "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons,* 232 F.3d at 670 (emphasis original). "In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Id. Lyons* also makes clear that the specific allegation cannot be an implied one; there must be explicit reference to federal law. As we held in *Lyons,* "[A] federal claim has not been exhausted in state court unless the petitioner both raised the claim in state court and explicitly indicated then that the claim was a *federal* one ..." *Id.* at 669 (emphasis original).

claim could be considered only with a showing of cause and prejudice, or a showing that refusing to hear the claim would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson,* 501 U.S. 722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). No

serious contention of cause can be made here, since Reese had no right to counsel on his PCR appeals. *See Ellis v. Armenakis,* 222 F.3d 627, 633 (9th Cir.2000). Reese does not argue that a fundamental miscarriage of justice would result from a procedural default.

■ The parties agree that Reese complied with *Lyons* at the PCR court, but the state argues that Reese did not satisfy *Lyons* at the Oregon Court of Appeals and the Oregon Supreme Court. So we must decide whether a habeas petitioner must comply with *Lyons* at every level of a state court system or if complying at one level—the PCR court—is enough.

In assessing the scope of the *Lyons* rule, it is noteworthy that in *Lyons*, the petitioner never cited to federal authority for his claims at *any* level of the state courts. *See id.* at 667. The state courts in *Lyons* never were alerted to any explicitly federal issue. In contrast, it cannot be denied that Reese explicitly alerted the PCR court to his federal claim. *See supra*, n. 2. In addition, the PCR court decided the claim based on federal case law, first citing *Strickland* on the general issue of effective assistance at trial, and then *Jones v. Barnes* on effective assistance on appeal. *See supra*, n. 3 and accompanying text. And so we must address whether the *Lyons* requirement for fair presentation is met by an explicit assertion of a federal law violation at the PCR court level alone, or whether *Lyons* requires some level of explicit assertion at later stages of the state appellate process.

■ To exhaust a claim in the state courts, a habeas petitioner must, in addition to complying with *Lyons*, present that claim to the state's highest court, even if that court has discretionary control over its docket. *See O'Sullivan*, 526 U.S. at 845, 119 S.Ct. 1728. If 4002 *Lyons* was intended only to ensure that the state has some chance to address a federal issue before the federal courts do so, then it might be satisfied by explicitly citing federal law once, to a lower-level court such as the PCR court. However, we reject that view. *Lyons* is properly read as part and parcel of exhaustion law. It is thus

apparent that *Lyons's* requirement of explicitly presenting a federal claim must be satisfied at the highest levels of the state court system to ensure that possibilities of the state courts resolving federal issues relating to state prisoners have been truly exhausted.[9] A request to a lower court alone is not sufficient to exhaust prospects of state court relief on a federal claim. To exhaust requires that the highest state court must be alerted to the specifically federal nature of the claim presented.

The United States Supreme Court has said that a habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845, 119 S.Ct. 1728. *Lyons* held that a petitioner can exhaust a claim only by both raising the claim *and* explicitly indicating the claim is a federal one. *Lyons*, 232 F.3d at 669. The federalism policies underlying exhaustion and the concerns that underlie *Lyons* argue persuasively that explicitness is necessary not merely at any one state court level, but instead at the highest state court that hears such claims. Following and clarifying *Lyons*, we hold that a habeas petitioner must indicate to the state's highest court the specifically federal nature of a claim in order to exhaust it. Accordingly, presenting a federal claim explicitly at the PCR court in itself is not sufficient for exhaustion.

Rather, with this understanding of *Lyons*, the issue becomes whether Reese alerted the Oregon Supreme Court to the federal nature of his claim of ineffective assistance of appellate counsel. Because of Oregon's rules of appellate procedure, to resolve this issue we must address two distinct questions: (1) Was the federal na-

9. To exhaust is defined as "To use up completely (either a material or immaterial thing); to expend the whole of; to consume entirely."

Oxford English Dictionary, Second Edition, 1989.

ture of Reese's claim properly raised to the Oregon Court of Appeals; and (2) Did Reese also comply with *Lyons* at the Oregon Supreme Court?

**B.   Oregon Court of Appeals**

■ Under Oregon law, claims may not be presented in a petition for review to the Oregon Supreme Court unless they are first raised in front of the Oregon Court of Appeals. *See* Or. R.App. P. 9.20(2); *State v. Castrejon,* 317 Or. 202, 856 P.2d 616, 621–22 (1993). We must therefore determine whether Reese fairly presented his claim to the Oregon Court of Appeals before deciding that he fairly presented his claim to the Oregon Supreme Court. For if the federal claim was not presented to the Oregon Court of Appeals, the Oregon Supreme Court need not have considered that federal claim no matter how explicitly raised to it.

■ Here, Reese's brief to the appeals court lacked federal citations, but that is not dispositive of the issue under the unusual facts of this case. *Lyons* requires that a state court be explicitly alerted to the federal nature of a claim. But it does not necessarily require that federal citations be included in an opening brief or petition for review when a claim is expressly asserted and the federal nature of that claim is explicit from the face of the decision under review.

The PCR decision Reese was appealing, which the Oregon Court of Appeals affirmed without further reasoning, did explicitly cite federal law—*Strickland* and *Jones v. Barnes*—to support the denial of Reese's ineffective assistance claims. Oregon law requires the PCR court to "state clearly the grounds upon which the cause was determined, and whether a state or federal question, or both, was presented and decided." Or.Rev.Stat. § 138.640 (1999). Given that there is no other statement from the PCR court on the federal

versus state nature of Reese's claim, the citations to *Strickland* and to *Jones v. Barnes* in the PCR court's decision "state clearly" to any who read the decision that Reese presented a federal question and that the PCR court decided it on federal grounds.

Even though Reese's brief to the Oregon Court of Appeals did not cite federal authority on the issues now raised on federal habeas, Oregon's clear statement requirement and the PCR court's citations to *Strickland* and *Jones v. Barnes* placed the Oregon Court of Appeals on notice that it was reviewing a federal question that the PCR court decided on explicit federal grounds. So long as the Oregon Court of Appeals read the lower court's decision, it would have seen that Reese was raising a federal issue. Whatever else a state reviewing court might do, we are confident, as a ground of our decision, that the state reviewing court reads the decision it is reviewing before summarily affirming that decision.

To summarize our views: Reese raised the ineffective assistance of appellate counsel claim and cited federal authority in his petition to the PCR court. The PCR court cited only federal law in deciding the issue, and under Oregon law this means the claim was decided on federal grounds. Reese included the claim in his brief to the Oregon Court of Appeals, and the Oregon Court of Appeals summarily affirmed the PCR court's decision, which had been made on the basis of federal law. Based on these factors, we hold that the Oregon Court of Appeals "surely [was] alerted to the fact that [Reese was] asserting claims under the United States Constitution." *Duncan,* 513 U.S. at 365–66, 115 S.Ct. 887.

**C.   Oregon Supreme Court**

■ Because Reese presented the federal claim to the Oregon Court of Appeals, the Oregon Supreme Court in turn could review the claim if properly presented to the Oregon Supreme Court itself. The final and dispositive issue is thus whether

Reese satisfied *Lyons* and fairly presented his claims at the Oregon Supreme Court.

Reese cited the federal constitution in the argument section of his Oregon Supreme Court petition, but did so explicitly to support only claims other than ineffective assistance of appellate counsel. Here is the part of Reese's petition offering federal authority: "Moreover, since Petitioner asserts he was coerced and threatened by counsel to waive his right to trial by jury, Petitioner believes his 5th, 6th and 14th amendment rights have been violated."

█ A difficulty for Reese is that this sentence offers citations to support only those claims involving trial counsel, not appellate counsel. The rule is settled that citation to federal authority for one claim in a habeas petition is not transferred to all the other claims contained in the petition. *See Lyons,* 232 F.3d at 669–70. To fairly present a federal habeas claim to a state court, it is essential that the petitioner must in some way provide a reference to federal authority to support that *particular* claim. *See id.*

However, we reach here a firm and unmistakable conclusion that Reese nonetheless fairly presented his federal claim asserting ineffective appellate counsel to the Oregon Supreme Court. As we explained in our discussion of the review by the Oregon Court of Appeals, simply by reading the PCR court decision, the Oregon Supreme Court would have been alerted that the claim for ineffective assistance of appellate counsel was decided and affirmed on the basis of federal law.

The question then is whether we should presume that the Oregon Supreme Court read the PCR court decision, which explicitly cited federal law. If the Oregon Court of Appeals had rendered a reasoned, substantive decision, it might be argued that we should presume only that a state supreme court would read the decision that it

is asked to review—in this case, the Oregon Court of Appeals decision. But here, the Oregon Court of Appeals had granted a summary affirmance and did not speak to the merits except by affirming what the PCR court had said. We conclude that it is appropriate to presume that, when faced with a summary affirmance from the Oregon Court of Appeals, the Oregon Supreme Court would have read the PCR court's substantive decision. Any other conclusion would not do credit to the appellate review process. For whatever variations may be appropriate under discretionary state procedures, an appellate court cannot fairly review a decision without knowing its content.

Perhaps it might be argued to the contrary that the Oregon Supreme Court, having only discretionary jurisdiction, need not read the underlying court opinion before deciding whether to accept an appeal. The Oregon Supreme Court might decide a petition for review, the argument runs, based on what is in the petition and ponder the underlying opinion only if and after discretionary review is granted. Whatever the practical concerns underlying such a position, we reject it in principle. For even if review is discretionary, there is no way for the Oregon Supreme Court to exercise an informed discretion about accepting appeal unless it considers the content of the decision under review. A discretionary review is still to be a rational review.

But we need not go so far as to hold that a rational discretionary review process must always include some review of the underlying decision. For even if a state supreme court could rationally and fairly decide whether to grant review without reading the underlying opinion, it does not follow that a claim must be visible from the face of the underlying petition alone to be "fairly presented" for our purposes in assessing exhaustion. The United States Supreme Court has explicitly explained that proper exhaustion requires a habeas petitioner to give the State "a fair opportu-

nity to pass upon [his claims]." *Edwards v. Carpenter,* 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (emphasis and internal quotations omitted). *See also Lyons,* 232 F.3d at 668 ("To satisfy the exhaustion requirement of § 2254, habeas petitioners must 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights.'" (quoting *Duncan,* 513 U.S. at 365, 115 S.Ct. 887)). Comity requires only that we not rule if the state court has not had the *opportunity* first to hear federal habeas claims. Where opportunity existed, comity is not offended by an opportunity that the state foregoes.

Here, we conclude that the Oregon Supreme Court had that opportunity. A state supreme court certainly has the opportunity to read a petition for review *and* the lower court decision claimed to be in error before deciding whether to grant discretionary review. It is in this sense that we presume the Oregon Supreme Court read Reese's PCR court opinion. But assuming *arguendo* that the Oregon Supreme Court chooses not to read lower court opinions when deciding whether to grant review, it would not control our exhaustion analysis. For in that assumed case, that court has chosen not to take advantage of an opportunity provided, and the interests of comity are no longer at issue.

Here, in summary, the PCR court decided the claim on the basis of federal law; Oregon's procedural rules put the reviewing courts on notice that the PCR court decision was required to state clearly its ground for decision; any review of the PCR court decision would have disclosed its federal law basis; and the Oregon Court of Appeals issued only a summary affirmance of the PCR court's decision.

Under these circumstances, it must be presumed that, before deciding to deny discretionary review, the Oregon Supreme Court reviewed the PCR court decision that should have alerted the court to the federal nature of Reese's claim.

The Oregon Supreme Court was thus on notice of the specifically federal nature of Reese's claim of ineffective assistance of appellate counsel. We hold that Reese fairly presented his federal claim of ineffective assistance of appellate counsel to the Oregon Supreme Court and exhausted it.

## CONCLUSION

We reverse the district court's dismissal of the claim of ineffective assistance of appellate counsel. We remand for further proceedings on that issue.[10]

**REVERSED AND REMANDED.**

T.G. NELSON, Circuit Judge, dissenting.

I must respectfully dissent. I would affirm the district court on the ground that Reese procedurally defaulted his claim for ineffective assistance of appellate counsel by failing fairly to present it to the Oregon Supreme Court.

"Judges are not like pigs, hunting for truffles buried in briefs."[1] At least federal appellate judges are not, according to our precedent.[2] Yet the majority would hold state supreme court justices to a different standard—requiring them to root through the record for rare truffles of legal support that may complete an incompletely raised claim in one of the thousands of petitions they must decide whether to grant every year. And if they choose not to engage in this porcine behavior, they have, according the majority, chosen not to "take the op-

---

**10.** We express no opinion on the merits of Reese's claim.

**1.** *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217

(9th Cir.1997) (internal quotation marks and citation omitted).

**2.** *See, e.g., id.*

portunity" presented to them by a petitioner to review that petitioner's claim. The majority so holds despite clear and binding precedent regarding what constitutes fair presentation and despite clear Oregon procedural rules.

In order fairly to present a federal claim to state courts, a petitioner must "include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." [3] Thus, fair presentation requires the assertion of the facts *and* the law supporting each claim.

The majority concludes, and I agree, that fair presentation must occur at every level of the state post-conviction review process. Thus, we agree that Reese was required to present both the factual and legal support for his claim of ineffective assistance of appellate counsel in his petition for review before the Oregon Supreme Court. We disagree, however, on whether he did so.

Reese did not cite any federal basis for his claim of ineffective assistance of counsel before the Oregon Supreme Court. Thus, in my opinion, he failed fairly to present the claim to that court. The majority holds, however, that the fact that the first postconviction court cited federal cases in its rejection of the claim miraculously saves that claim from procedural default. The Oregon Supreme Court could have sifted through the record in Reese's case, the majority reasons, to find the legal support missing from the claim in his petition. Thus, Reese fairly presented his claim to the Oregon Supreme Court in the majority's opinion. To me, that is not fair presentation.

There are good reasons for requiring the citation of facts and law supporting a claim in order to deem it fairly presented and exhausted. [4] For one thing, too many petitions for review are presented to state courts [5] to expect judges and law clerks to search through the record to find support for a claim that is not presented. Departing from the requirements of fair presentation thus renders hollow our professed interest in providing state supreme courts with an opportunity to review federal claims. Practically, they will have no such opportunity if they are required to search the record each time an incompletely supported claim appears before them.

Oregon procedural rules governing the presentation of petitions for review to the Oregon Supreme Court also require presentation of the legal support for every claim in a petition. Oregon Rule of Appellate Procedure 9.05(3) requires that the petition contain:

(a) A prayer for review.

(b) Concise statements of the legal question or questions presented on review and of the rule of law that petitioner proposes be established, if review is allowed.

(c) A concise statement of each reason asserted for reversal or modification of the decision of the Court of Appeals, including appropriate authorities.

(d) A short statement of facts relevant to the appeal, but facts correctly stated in the opinion of the Court of Appeals should not be restated.

(e) A brief argument related to each reason asserted for review, if desired.

(f) A statement of specific reasons why the issues presented have importance beyond the particular case and require decision by the Supreme Court.

(g) A copy of the decision of the Court of Appeals, including the court's opinion

---

**3.** *Gray v. Netherland,* 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).

**4.** *See, e.g., Gray,* 518 U.S. at 162, 116 S.Ct. 2074; *Shumway,* 223 F.3d at 987.

**5.** In 1998, 8,627 petitions for review were filed for state supreme court review in California; 1,366 in Arizona; 1,146 in Washington; and 962 in Oregon. *See* State Court Caseload Statistics, 1998, National Center for State Courts (1999).

and any concurring and dissenting opinions.[6]

Thus, Oregon procedural rules also require the presentation of legal support for a claim in every petition for review.

Worthy of note is the fact that the rules also require that the court of appeals' decision accompany a petition but do not require the lower court's decision to accompany the petition. This makes sense— after all, the Oregon Supreme Court will be reviewing the decision of the court immediately below if it decides to grant the petition for review. This rule undermines the assumption of the majority in this case, however, that the Oregon Supreme Court will naturally look to the trial court's decision when deciding whether to grant a petition for review. The rule does not even require that the trial court opinion accompany the petition.

By dissenting, I do not mean to diminish the disturbing history of this case. The parade of lawyers assigned to Reese and the mistakes made in his representation are an embarrassment. However, the unfortunate history of this case does not merit the creation of an odd and unreasonable exception to the rules of fair presentation. There are good reasons for those rules. The old adage "hard cases make bad law" seems to apply here. I dissent.