**Gary Paul CASSETT, Petitioner—Appellant,**

v.

**Terry L. STEWART, Respondent—Appellee.**

No. 01–17006.

D.C. No. CV–97–00548–WDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Oct. 22, 2002.

Before TASHIMA, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM *

Petitioner Gary Cassett ("Cassett") appeals the district court's denial of his Petition for Writ of Habeas Corpus, in which he contested his convictions for child molestation and sexual conduct with a minor under age 14. We remand to the district court with directions to dismiss the petition because Cassett failed to exhaust his federal due process claim in the Arizona state courts. Because the parties are familiar with the factual and procedural history in this case, we will not recount it here.

I.

The district court erred in holding that Cassett exhausted his due process claims in state court. Under the Antiterrorism

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and Effective Death Penalty Act ("AEDPA"), state prisoners must exhaust all available state remedies before a federal court may grant them habeas relief. 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 839, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Kelly v. Small,* 300 F.3d 1159, 1161 (9th Cir.2002).

Cassett must present his federal due process claim to the state's highest court, in this case, the Arizona Supreme Court. *Reese v. Baldwin,* 282 F.3d 1184, 1191 (9th Cir.2002). In his Petition for Review filed with the Arizona Supreme Court, Cassett contended that the disclosure of his prior withdrawn guilty plea at trial violated Ariz. R.Crim. P. 26.6(d)(2), which he alleged "protects federal Fifth Amendment rights." Nowhere in his Petition for Review filed with the Arizona Supreme Court does Cassett discuss Fourteenth Amendment due process [1] or that the trial court denied him a fair trial in violation of his due process rights. *See Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir.2000) (holding that exhaustion requires a petitioner for habeas relief to "characterize[ ] the claims he raised in state proceedings *specifically* as federal claims ... [by] either referenc[ing] specific provisions of the federal constitution or statutes or cit[ing] to federal law" (emphasis in original)), *amended by* 247 F.3d 904 (2001); *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999) ("[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."); *Johnson v. Zenon,* 88 F.3d 828, 830–31 (9th Cir.1996) (holding that petitioner never alerted state court to the federal nature of his claim because, "[w]hile he did assert that the admission of the prior act evidence 'infringed on his right to present a defense and receive a fair trial,' " his argument was essentially one of state law). Because Cassett did not explicitly raise a federal due process claim in state court, he failed to exhaust his available state remedies. As a result, we do not reach the merits of his due process claim.

## II.

We hold the district court erred in concluding that Cassett adequately exhausted his federal due process claim, and based on this error, improperly reached the merits of Cassett's claim. Accordingly, we vacate the judgment and remand with directions that the petition be dismissed for failure to exhaust state court remedies.

VACATED and REMANDED with directions.

---

1. Because Cassett challenged in *state court* the potentially prejudicial effect of Sloss's testimony revealing Cassett's prior guilty plea, he needed to raise Fourteenth Amendment due process claims, which he failed to do.