Eric Wayne BADGETT, Petitioner–Appellant,

v.

Jean HILL, Superintendent, Respondent–Appellee.

No. 02–35222.

D.C. No. CV–99–00181–HJF.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM**

Oregon state prisoner Eric Wayne Badgett appeals the district court's order dismissing with prejudice his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm the district court's dismissal of Badgett's claim that his Eighth Amendment rights were violated by Oregon's Ballot Measure 11 as unexhausted and procedurally defaulted. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1728, 144 L.Ed.2d 1 (1999) (holding that to comply with the exhaustion doctrine a petitioner must complete "one full round" of the state's appellate process); *Reese v. Baldwin,* 282 F.3d 1184, 1190 (9th Cir. 2002) (concluding that habeas claims that were not fairly presented to the Oregon courts on direct appeal were procedurally defaulted).

**AFFIRMED.[1]**

Judge Kleinfeld concurs in the judgment but would affirm on the merits. *See Alvarado v. Hill,* 252 F.3d 1066, 1069–70 (9th Cir.2001) (concluding that "Measure 11, as applied to [juvenile petitioner], does not violate ... the protection against cruel and unusual punishment of the Eighth Amendment").

---

1. All other issues presented by Badgett in this appeal are beyond the scope of the certificate of appealability ("COA"), and we do not consider them. *See United States v. Christakis,* 238 F.3d 1164, 1168 n. 5 (9th Cir.2001) (concluding that because petitioner failed to file motion for broader certification under Circuit Rule 22–1(d), the appeal was confined to the sole issue within the original COA).

