**Ronald Wayne BIVENS, Petitioner,**

v.

**Joan PALMATEER, Respondent.**

No. 01–36160.

D.C. No. CV–99–1010 REJ.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2003.*

Decided Feb. 26, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed.

R.App. P. 34(a)(2)(C).

Before WALLACE, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Ronald Wayne Bivens ("Bivens") appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Bivens presented his federal equal protection claim to the Oregon Supreme Court without first presenting it to the Oregon Court of Appeals. As a result, the equal protection claim was not properly exhausted. "To satisfy the exhaustion requirement of § 2254, habeas petitioners must 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Reese v. Baldwin*, 282 F.3d 1184, 1190 (9th Cir.2002) (quoting *Lyons v. Crawford*, 232 F.3d 666, 668 (2000), *modified by* 247 F.3d 904 (9th Cir.2001)). A federal claim that is raised for the first and only time in the state's highest court

on discretionary review is not exhausted. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

The Oregon Supreme Court's review of an appellate court judgment is discretionary. *See* Or. R.App. Proc. 9.20. Additionally, the Oregon Supreme Court may only hear those issues presented in a petition for review that were properly before the Oregon Court of Appeals. *See* Or. R.App. Proc. 9.20(2); *State v. Castrejon*, 317 Or. 202, 856 P.2d 616, 622 (1993); *Reese*, 282 F.3d at 1192. Bivens cites no case that indicates that there is any exception to this rule if the petition requests that an Oregon Supreme Court case be overruled. Because Bivens first presented this issue to the Oregon Supreme Court without preserving it either at trial or on appeal, he failed properly to exhaust this claim.

Bivens also claims that his claim is exhausted because the Oregon Supreme Court failed to "clearly and expressly" base its denial of review on Oregon's procedural rule. The requirement that a decision be clearly and expressly based upon an independent state law ground does not apply if the petitioner failed to exhaust state remedies. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In addition, this requirement only applies "where a federal court has good reason to question whether there is an independent and adequate state ground for the decision." *Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir.1991). Here, we have no reason to believe that the Oregon Supreme Court's denial of review was based on anything other than an independent and adequate state ground. *Cf. Greene v. Lambert*, 288 F.3d 1081, 1087–88 (9th Cir.2002) (finding petitioner's federal claim exhausted only because the

Oregon Supreme court had addressed the claim in an "ambiguous" manner).

Bivens failed to exhaust his claim, and has now procedurally defaulted because he can no longer bring his claims in state court because of time limits under Oregon law. *See* Or.Rev.Stat. § 138.071 (2001) (requiring direct appeals to be filed within 30 days of judgment); Or.Rev.Stat. § 138.510 (2001) (requiring petitions for post-conviction relief to be filed within two years of the date that any appeal becomes final). Bivens has not attempted to show either cause or prejudice for his procedural default.

The judgment of the district court dismissing Bivens' § 2254 habeas petition is

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.