**Peter Andrew HERSHFELDT, Petitioner—Appellant,**

v.

**George HERMAN; Grant Woods, Attorney General, Respondents—Appellees.**

No. 01–16421.

D.C. No. CV–98–00940–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Submission Deferred Oct. 15, 2002.

Resubmitted Feb. 14, 2003.

Decided March 26, 2003.

Before KOZINSKI and KLEINFELD, Circuit Judges, and GEORGE,** District Judge.

MEMORANDUM ***

Following a jury trial, Peter Hershfeldt was convicted of rape. At trial and on direct appeal in the Arizona state courts, Hershfeldt argued sufficient evidence was introduced to entitle him to a mistake of fact jury instruction. Hershfeldt reasoned that such an instruction was appropriate because the victim had consented to the sex acts through her solicitation of prostitution and because he ceased engaging in any sex acts to which she objected whenever she asked him to stop. The Arizona Court of Appeals and Supreme Court affirmed his conviction.

Hershfeldt petitioned the District Court for the District of Arizona for a writ of habeas corpus claiming that the failure to give the mistake of fact jury instruction violated his federal constitutional rights. The district court held that Hershfeldt had exhausted his federal claims in the Arizona courts as required by the Anti–Terrorism and Effective Death Penalty Act, but rejected the petition on the merits.[1] Hershfeldt appeals. We review de novo a district court's decision to grant or deny a state prisoner's habeas petition.[2]

On appeal, the State of Arizona argues that Hershfeldt didn't exhaust his federal claim. Although we have not set a high bar for a prisoner to exhaust his federal claims in state courts, a prisoner must

---

1. All outstanding motions are denied as moot.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Lloyd D. George, Senior District Judge for Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* 28 U.S.C. § 2254(b).

2. *Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.2002).

fairly present those claims to a state's courts to be able to raise them in a federal habeas petition.[3] Fairly presenting a federal constitutional claim to a state court can be as simple as explicitly referencing an amendment of the United States Constitution to the state supreme court[4] or even citing state cases that discuss the federal constitutional right in question.[5] However, federal claims must be made "specifically" in federal terms.[6]

Here, Hershfeldt's mere use of the naked phrase "due process" in his state supreme court brief, without argument or citation to his federal due process right, failed to exhaust his federal constitutional claims.[7] He did not use the phrase "due process" in his brief to the Arizona Court of Appeals. Every case Hershfeldt cited in his state court appeals dealt with the state law issue of whether a defendant presented sufficient evidence to be entitled to a mistake of fact instruction. They did not address whether a defendant's federal due process rights required such an instruction. We therefore may not consider Hershfeldt's federal habeas petition.[8]

AFFIRMED.

KLEINFELD, Circuit Judge, concurring.

KLEINFELD, Circuit Judge.

Our affirmance is on a purely federal procedural ground. We do not reach the question of how Hershfeldt could be convicted of rape when Garcia solicited sex from him and Hershfeldt ceased any sex acts to which she objected whenever she told him to stop. Nor do we reach the question of whether it was error to deny him the opportunity to argue to the jury that, even if he was wrong about whether the woman who solicited him for sex consented to the sex they had, he was honestly and reasonably mistaken. The state courts, not this court, have the authority to decide these issues. The Anti–Terrorism and Effective Death Penalty Act prohibits us from considering Hershfeldt's petition without proper exhaustion of his federal claims. We dismiss on the procedural ground of exhaustion, not on the merits.[1]

---

**3.** *O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

**4.** *Reese v. Baldwin,* 282 F.3d 1184, 1193 (9th Cir.2002).

**5.** *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir.2003) (en banc).

**6.** *See Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir.2000).

**7.** *See Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir.2000); *Hiivala v. Wood,* 195 F.3d 1098, 1106–07 (9th Cir.1999).

**8.** 28 U.S.C. § 2254(b).

**1.** *See Slack v. McDaniel,* 529 U.S. 473, 486–87, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).