**Jimmie FLETCHER, a/k/a Arnold Dixon, Petitioner–Appellant,**

v.

**Kenneth R. BRILEY, Respondent–Appellee.**

No. 02–3360.

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2003.*

Decided June 11, 2003.

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

**Order**

Jimmie Fletcher is serving a 25–year sentence in Illinois prison for armed robbery. Fletcher contends that his lawyer furnished ineffective assistance by not calling as eyewitnesses his co-defendants: Chantrice Chambers and Aletha Knight. Fletcher's theory is that they would have testified that they did not see his gun; and if they didn't see it, maybe he did not have one, so the offense would be simple rather than armed robbery. After state courts had affirmed his conviction and denied his request for collateral relief, Fletcher filed a petition in federal court under 28 U.S.C. § 2254, lost again, and now appeals.

In the district court Fletcher argued that counsel had been ineffective in three respects: by not filing a motion to suppress certain evidence; by recommending that he consent to a bench trial; and by not calling Chambers or Knight as defense witnesses. Only the third theory is pressed on appeal. It is a theory that the district court did not address on the merits, having concluded that Fletcher defaulted this line of argument by omitting it from the petition for leave to appeal to the Supreme Court of Illinois on collateral review. See *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). In this court Fletcher insists that the district judge erred in treating the theory as defaulted, but he does not offer a detailed argument. To go by the brief filed with us, Fletcher seems to think that any document containing the phrase "ineffective assistance" necessarily preserves for further review every possible way of criticizing counsel's performance. That is a doubtful proposition, but we need not decide whether the particulars of the argument presented to the Supreme Court of Illinois were

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

sufficient. The Supreme Court of the United States soon may decide a related question. See *Reese v. Baldwin*, 282 F.3d 1184 (9th Cir.2002), cert. granted, —— U.S. ——, 123 S.Ct. 2213, 155 L.Ed.2d 1104 (2003). We need not hold this appeal for *Reese*, however; instead we assume for the sake of argument that Fletcher adequately alerted the state's highest court to this line of argument. His claim still fails on the merits.

Calling a co-defendant as a witness is a risky tactic. If the person testifies at all, the testimony may do more to inculpate than to exculpate the accused. Fletcher contends that Chambers and Knight would have testified that they did not see a gun in his possession. Cross-examination by the prosecutor might have undermined this claim (were the witnesses in a position to see everything Fletcher was carrying?) while bolstering other aspects of the state's case (they might have depicted Fletcher as the planner and instigator of the robbery, the better to shift blame from themselves). So it is far from clear that counsel's performance can be labeled subpar; and of course the right question is whether the *whole* course of representation was deficient, a subject on which Fletcher does not so much as offer an argument. By concentrating his fire on a single aspect of counsel's work, he neglects not only the strong presumption that tactical choices were valid, see *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also the need to show that the state courts' analysis of the entirety of the representation was unreasonable, see *Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002).

Finally, the record does not establish that any shortcoming was prejudicial. The victims *themselves* testified that they did not see a weapon until the end of the encounter, when Fletcher drew it from his waistband and used it to threaten the victims, who had started chasing Chambers after she snatched the victims' purses. Four victims testified that Fletcher drew a weapon and pointed it at them. Perhaps Chambers and Knight did not see this. But no matter what they would have said on the stand (if they had been called), self-serving testimony by Chambers and Knight–whose own criminal liability might have been diminished by a conclusion that they were ignorant of Fletcher's weapon–was unlikely to make any difference to an experienced judge serving as a trier of fact.

AFFIRMED