**Christopher N. MILLER, Petitioner–Appellant,**

v.

**Kenneth QUINN, Respondent–Appellee.**

No. 07–35531.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Jan. 9, 2009.

Jeff Ellis, Steven Witchley, Ellis, Holmes & Witchley, PLLC, Seattle, WA, for Petitioner–Appellant.

Gregory J. Rosen, Esquire, Donna H. Mullen, Esquire, Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: B. FLETCHER and RAWLINSON, Circuit Judges, and EZRA,* District Judge.

## MEMORANDUM **

Christopher Miller appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm in part and reverse in part.

### I.

Based on confessions he made to the police, a Washington state jury found Christopher Miller guilty of aggravated first degree murder. The trial court sentenced Miller to life in prison without possibility of parole.

After appealing his conviction and filing a state personal restraint petition, Miller filed a federal habeas petition. He made three basic claims: (1) that DNA evidence shows he falsely confessed and must be granted a new trial, (2) that the due process clause requires that Miller be given access to DNA evidence found on the victim as well as relevant state and federal DNA databases, and (3) that the prosecutor wrongly induced Miller's confession by

Christopher N. Miller, pro se.

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

giving him misleading legal advice. The district court dismissed Miller's petition, finding that he had not properly exhausted his claims as required by 28 U.S.C. § 2254(b), because he had not presented them as federal constitutional violations to the Washington Supreme Court.

## II.

◼ Miller did not exhaust his first claim, that he is entitled to a new trial given the DNA evidence, because he nowhere presents this as a federal claim. The cases he cites do not relevantly analyze federal constitutional issues, and Miller did not cite any federal law in making this claim to the Washington courts.

Miller, however, did exhaust his second and third claims.

◼ In briefing his second claim to the Washington Supreme Court, Miller did not refer to the federal constitution, federal statutes or case law, or state case law analyzing federal constitutional issues. Nevertheless, Miller cited such law quite extensively in the personal restraint petition he filed with the Washington Court of Appeals. He attached the petition and accompanying briefs as appendices to his motion for discretionary review to the Washington Supreme Court. Under *Insyxiengmay v. Morgan,* attaching the personal restraint petition as an appendix—where the petition adequately references federal law—is sufficient to satisfy federal habeas exhaustion requirements. 403 F.3d 657, 668–69 (9th Cir.2005).

*Baldwin v. Reese* does not hold otherwise, since the Supreme Court's concern in *Baldwin* was that state courts should not be forced to search for federal claims by reading through the whole of the lower court record. *See* 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (holding that a prisoner must present his or her claim in "a petition or a brief (or a similar document)" in order to exhaust) *rev'g,* 282 F.3d 1184 (9th Cir.2002). In *Baldwin,* the lower court opinion was not filed with or attached to the petition filed in the state supreme court, unlike the personal restraint petitions here and in *Insyxiengmay. See Reese v. Baldwin,* 282 F.3d at 1194–95 (T.G. Nelson J., dissenting) ("[T]he majority would ... requir[e] [state supreme court justices] to root through the record for rare truffles of legal support."). Since Miller's personal restraint petition was filed as an appendix to his motion for discretionary review, Miller's federal claim was presented to the Washington Supreme Court in "a similar document" to his brief.

◼ Finally, Miller's direct appeal of his third claim—that the prosecuting attorney induced his confession by giving misleading legal advice—properly alerted the Washington Supreme Court to the federal nature of this claim. Miller cited two Second Circuit cases that discuss a defendant's rights under the Sixth Amendment and *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He also cited a Washington state case analyzing the admissibility of a confession based on the Fifth Amendment and Supreme Court precedent. Thus, Miller cited relevant state and federal cases and successfully made out a federal claim.

## III.

For the foregoing reasons, we affirm the district court's dismissal as to Miller's first habeas claim. We reverse the district court's dismissal of Miller's second and third habeas claims and remand for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**