Eric Allen PETERSON, Petitioner–
Appellant,

v.

Robert LAMPERT, Respondent–
Appellee.

No. 00–35897.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 19, 2002.

Filed Feb. 14, 2003.

Marc Sussman, Portland, OR, for the appellant.

Janet A. Metcalf, Office of the Attorney General, Salem, OR, for the appellee.

Before: SCHROEDER, Chief Judge, KOZINSKI, TROTT, KLEINFELD, TASHIMA, THOMAS, McKEOWN, WARDLAW, W. FLETCHER, GOULD and RAWLINSON, Circuit Judges.

WILLIAM A. FLETCHER, Circuit Judge:

Eric Allen Peterson appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition based on his failure properly to exhaust in the Oregon state courts his ineffective assistance of counsel claim under the Sixth and Fourteenth Amendments to the United States Constitution. We hold that Peterson did not fairly present his federal claim to the Oregon Supreme Court because, on the face of his petition for review in that court, he expressly limited his claim to Oregon constitutional law. We therefore affirm.

I

In 1992, Peterson pled guilty in Oregon state court to one count of sodomy and one count of sex abuse. The Oregon Circuit Court sentenced him to 182 months on the sodomy count and 18 months on the sex abuse count, to be served consecutively. Peterson appealed his conviction and sentence to the Oregon Court of Appeals, which affirmed without opinion in 1994.

Peterson then petitioned for post-conviction relief in the Oregon Circuit Court claiming denial of his right to counsel under the federal and state constitutions, as

well as denial of due process, equal protection of the laws, and a fair hearing under federal and state law. The circuit court denied Peterson's petition without opinion, and Peterson appealed to the Oregon Court of Appeals. In his brief in the court of appeals, Peterson claimed that he was denied his right to counsel under Article I, Section 11, of the Oregon Constitution and under the Sixth and Fourteenth Amendments to the United States Constitution. The court of appeals affirmed without opinion.

Peterson then sought discretionary review from the Oregon Supreme Court. In his petition for review to that court, Peterson specifically referred only to his right to counsel claim under the Oregon Constitution, and he cited two Oregon cases to support that claim. The relevant part of Peterson's petition reads, in its entirety:

> Failure of trial defense counsel to specifically advise a defendant that a letter he proposes to submit to the Court as a part of the sentencing process contains admissions of facts constituting irrefutable evidence of aggravating factors justifying an upward departure sentence *is not adequate assistance of counsel, within the meaning of Article 1, Section 11 of the Oregon Constitution, Chew v. State of Oregon,* 121 Or.App. 474, 477, 855 P.2d 1120 (1993) and *Krummacher v. Gierloff,* 290 Or. 867, 627 P.2d 458 (1981).

(Emphasis added.) The term usually employed by Oregon courts in applying the right to counsel provision of the Oregon Constitution is *"inadequate* assistance of counsel." *See, e.g., Gorham v. Thompson,* 332 Or. 560, 34 P.3d 161, 163 (Or.2001); *Krummacher v. Gierloff,* 290 Or. 867, 627 P.2d 458, 461, 463 (1981). The term usually employed by state and federal courts in applying the analogous provision of the Federal Constitution is *"ineffective* assistance of counsel." In his counseled peti-

tion for review in the Oregon Supreme Court, Peterson used the term "[in]adequate" rather than "ineffective" assistance of counsel and cited only the Oregon Constitution; he did not cite to any provision of the Federal Constitution; and he did not refer to his brief in the Oregon Court of Appeals. The Oregon Supreme Court denied review.

Peterson next filed a petition for a writ of habeas corpus in federal district court under § 2254, claiming that he had received "[in]effective assistance of Counsel" in violation of the Sixth and Fourteenth Amendments to the United States Constitution. The district court held that Peterson had not properly exhausted his federal ineffective assistance of counsel claim because he had presented his state claim, but not his federal claim, to the Oregon Supreme Court. It also held that Peterson had procedurally defaulted his federal claim because the time for filing a petition for review in the Oregon Supreme Court had long passed, and because he could not file a new original state court petition for post-conviction review. The district court accordingly dismissed Peterson's federal habeas petition with prejudice.

We review the district court's dismissal de novo. *See Greene v. Lambert,* 288 F.3d 1081, 1086 (9th Cir.2002) (exhaustion); *La Crosse v. Kernan,* 244 F.3d 702, 704 (9th Cir.2001) (procedural default).

## II

■ A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A petitioner must properly exhaust his state remedies by fairly presenting his federal claim in the state courts and thereby giving those courts an opportunity to act on

his claim. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims."); *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) ("[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts ...." (quoting *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971))). A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition. *See Engle v. Isaac,* 456 U.S. 107, 125–26 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). In a state like Oregon, where review in the highest court is discretionary, a prisoner must still petition the highest court for review in order to exhaust his claim properly. *See O'Sullivan,* 526 U.S. at 845, 119 S.Ct. 1728. When a prisoner has deprived the state courts of a fair opportunity to pass on his claim and state procedural rules bar him from returning to state court, he has procedurally defaulted and is ineligible for federal habeas relief unless he can show "cause and prejudice." *See id.* at 848, 119 S.Ct. 1728.

Peterson makes three arguments, which we address in turn. First, he argues that he gave the Oregon Supreme Court a fair opportunity to act on his federal claim because under Oregon Rule of Appellate Procedure 9.20 that court would have consulted his court of appeals brief, in which the federal claim had been presented. Second, he argues that even if the Oregon Supreme Court would not have consulted that brief, his citation of two state cases analyzing ineffective assistance of counsel claims under the Federal Constitution was sufficient to alert the supreme court to the federal nature of his claim.

Third, he argues that the standards for determining right to counsel are "virtually identical" under the federal and state constitutions, and that his citation to the Oregon Constitution was therefore sufficient to alert the Oregon Supreme Court to the federal nature of his claim.

## A. Fair Opportunity Under the Oregon Rules of Appellate Procedure

Peterson contends that he fairly presented his federal claim to the Oregon Supreme Court because Oregon Rule of Appellate Procedure 9.20 allows the Oregon Supreme Court to decide all issues properly presented to the court of appeals, whether or not the petition for review claimed that those issues were erroneously decided by that court. Rule 9.20 provides, in relevant part:

> (2) If the Supreme Court allows a petition for review, the court may limit the questions on review. If review is not so limited, the questions before the Supreme Court include all questions properly before the Court of Appeals that the petition or response claims were erroneously decided by that court. The Supreme Court's opinion need not address each such question. The court may consider other issues that were before the Court of Appeals.
>
> ....
>
> (4) The parties' briefs in the Court of Appeals will be considered as the main briefs in the Supreme Court, supplemented by the petition for review and any response, brief on the merits or additional memoranda that may be filed.

█ We agree with Peterson that the Oregon Supreme Court has the discretion under the last sentence of Rule 9.20(2) to consider any issue decided by the court of appeals, including issues not presented in the petition for review. The Oregon Supreme Court has repeatedly affirmed its

authority to consider any issue properly presented to the court of appeals. *See, e.g., Stupek v. Wyle Labs. Corp.*, 327 Or. 433, 963 P.2d 678, 680 (1998) ("[U]nder ORAP 9.20(2), this court may review an issue that properly was raised on appeal and preserved, but not presented on review ...." (citing *State v. Castrejon*, 317 Or. 202, 856 P.2d 616, 622 (1993))); *Macy v. Blatchford*, 330 Or. 444, 8 P.3d 204, 211 n. 8 (2000) ("In their brief on the merits, the Macys raise a different question.... Although this court has discretion to consider that question, which was before the Court of Appeals, we decline to exercise that discretion in this case."); *Gugler v. Baker County Educ. Serv. Dist.*, 305 Or. 563, 754 P.2d 900, 901 n. 3 (1988) ("Plaintiffs do not raise these issues in their petition. Accordingly, we decline to consider them."); *Chesterman v. Barmon*, 305 Or. 439, 753 P.2d 404, 405 n. 2 (1988) ("Although we may address any issue raised to the Court of Appeals, we choose not to address any issue in this case not raised in the petition or the response.").

In two cases, we have relied on Rule 9.20 to hold that a federal claim was fairly presented in the petition for review to the Oregon Supreme Court for purposes of exhaustion, even though the federal claim was not raised explicitly. In *Wells v. Maass*, 28 F.3d 1005, 1008–09 (9th Cir. 1994), we held that the federal claim had been fairly presented when the claim had been briefed in the court of appeals and where it was clear "in context" that the petition for review referred to the appellate brief. In *Reese v. Baldwin*, 282 F.3d 1184 (9th Cir.2002), the petitioner had explicitly mentioned the federal Sixth and Fourteenth Amendments and had described the behavior of his trial counsel in his petition for review to the Oregon Supreme Court, but had not mentioned the behavior of his appellate counsel. We held for purposes of exhaustion that the supreme court was alerted to petitioner's federal ineffective assistance of appellate counsel claim because the trial court opinion—the only written opinion by any post-conviction court—specifically addressed the federal ineffective assistance claim with respect to both the trial and appellate counsel: "[S]imply by reading the [trial] court decision, the Oregon Supreme Court would have been alerted that the claim for ineffective assistance of appellate counsel was decided and affirmed on the basis of federal law." *Id.* at 1193.

■ Neither *Wells* nor *Reese* goes as far as Peterson asks us to go. In *Wells*, when the petition for review was read "in context," it clearly referred to his appellate court brief, which had raised the federal claim. In *Reese*, the petition for review explicitly mentioned the federal Sixth and Fourteenth Amendments, and the only opinion below had explicitly decided the ineffective assistance of appellate counsel claim. In this case, unlike in *Wells* and *Reese*, Peterson's petition for review to the Oregon Supreme Court did not refer to his appellate court brief, did not mention any provision of the Federal Constitution, and did not mention "ineffective" assistance of counsel. Peterson could have fairly presented his federal claim in a number of ways, including (but not limited to) the ways just mentioned, but here he specifically and exclusively alleged a violation of his right to "adequate" assistance of counsel under the Oregon Constitution. We hold that in the circumstances of this case, Oregon Rule of Appellate Procedure 9.20 was not enough to alert the Oregon Supreme Court that Peterson was seeking review of the federal issue he had presented to the Oregon Court of Appeals.

## B. Citation of State Court Cases

Peterson also contends that his citation, in his petition for review, of two Oregon state court cases analyzing federal claims

of ineffective assistance of counsel was enough to alert the Oregon Supreme Court to the federal nature of his claim. In *Lyons v. Crawford,* 232 F.3d 666, 670 n. 3 (9th Cir.2000), *as modified by* 247 F.3d 904 (9th Cir.2001), we left open the question whether citation of state cases analyzing federal constitutional claims fairly presents those claims to the state courts for purposes of exhaustion. Five of our sister circuits have held that it does. *See McCandless v. Vaughn,* 172 F.3d 255 (3d Cir.1999) (relying on state cases employing constitutional analysis in like situations is enough to communicate a federal claim); *Barrett v. Acevedo,* 169 F.3d 1155, 1161–62 (8th Cir.1999) (citing "a state case raising a pertinent federal constitutional issue" fairly presents the federal claim); *Hannah v. Conley,* 49 F.3d 1193, 1196 (6th Cir. 1995) (citing "state decisions employing constitutional analysis in similar fact patterns" fairly presents the federal claim); *Verdin v. O'Leary,* 972 F.2d 1467, 1480 (7th Cir.1992) (citing "state cases applying constitutional analysis or making reference to the Constitution" fairly presents the federal claim); *Daye v. Attorney Gen. of N.Y.,* 696 F.2d 186, 194 (2d Cir.1982) (en banc) (holding that "reliance on state cases employing constitutional analysis in like fact situations" fairly presents the federal claim).

■ A central tenet of our federal system is that state and federal courts are jointly responsible for the enforcement of federal constitutional guarantees. The Constitution binds state and federal judges alike. U.S. Const. Art. VI. To hold that citation to a state case analyzing a federal constitutional issue is insufficient to alert a state court to the federal nature of a petitioner's claim, when citation of a comparable federal case would be sufficient for that purpose, would be to conclude that the state courts are not genuine partners in the enforcement of federal constitutional law. Such a conclusion is inconsistent with

the responsibility and dignity of the state courts in our federal system:

> Upon the State courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the Constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them....

*Robb v. Connolly,* 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542 (1884); *see also Tafflin v. Levitt,* 493 U.S. 455, 458, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) ("[W]e have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); *Irvin v. Dowd,* 359 U.S. 394, 404, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959) (quoting passage from *Robb v. Connolly* ). We therefore join our sister circuits and hold that, for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue.

■ In his petition for review to the Oregon Supreme Court, Peterson cited two Oregon cases to support his right to counsel claim. Both cases, *Krummacher v. Gierloff,* 290 Or. 867, 627 P.2d 458 (1981), and *Chew v. State,* 121 Or.App. 474, 855 P.2d 1120 (1993), analyzed right to counsel claims under the Sixth and Fourteenth Amendments to the United States Constitution and under Article I, Section 11, of the Oregon Constitution. But Peterson, who was represented by counsel, did not simply claim in his petition that he had been denied his constitutionally guaranteed right to counsel and then cite the two Oregon cases. Instead, he specified that he had been denied "adequate" assistance of counsel under the Oregon Constitution and cited the two cases. Since the

citation to *Krummacher* and *Chew* was preceded by an explicit reference to the usual term referring to the state version of the constitutional right, as well as by an explicit reference to the Oregon Constitution, a fair reading of Peterson's counseled petition was that the cases were cited only to support a state-law claim.

The exhaustion requirement is designed to serve the purposes of federalism, and the efficient administration of justice, by ensuring that the state courts have had a fair opportunity to address their alleged errors of federal law before those alleged errors are presented to the federal courts. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Ex Parte Royall,* 117 U.S. 241, 251–52, 6 S.Ct. 734, 29 L.Ed. 868 (1886). When a document has been written by counsel, a court should be able to attach ordinary legal significance to the words used in that document. Especially here, where a counseled petitioner raised both the state and federal issues in his briefing before the court of appeals, but then omitted the federal issue before the Oregon Supreme Court, there is reason to conclude that such omission may be a strategic choice by counsel not to present the federal issue in the hope of convincing the Oregon Supreme Court to exercise its discretion to grant review.

 To the degree that our opinions in *Lyons v. Crawford,* 232 F.3d at 669, and *Gatlin v. Madding,* 189 F.3d 882, 889 (9th Cir.1999), might be read to suggest that, for purposes of exhaustion, counseled and pro se filings in the state court must be read in the same way, we disavow that suggestion. In this case, the clear language used in Peterson's counseled petition leads us to conclude he made a deliberate, strategic choice not to present the federal issue in his petition. All petitions must be read in context and understood based on the particular words used, and

we therefore cannot lay down a simple, bright-line rule. But we can at least say that, for purposes of exhaustion, counseled petitions in state court may, and sometimes should, be read differently from pro se petitions. As the Supreme Court recently wrote, "[T]he complete exhaustion rule is not to trap the unwary *pro se* prisoner." *Slack v. McDaniel,* 529 U.S. 473, 487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted).

Given the explicit qualification in the language preceding the citation to the two Oregon cases in Peterson's counseled petition for review, we hold that the citation of those cases was not sufficient to give a "fair opportunity" to the Oregon Supreme Court to review Peterson's federal claims.

## C. Equivalence of State and Federal Standards

Finally, Peterson contends in his brief that the federal and state standards for determining right to counsel are "virtually identical." He contends that his claim in his petition for review that he was denied "adequate assistance of counsel" under the Oregon Constitution therefore fairly presented a claim that he was denied effective assistance of counsel under the United States Constitution. At one time, we deemed a federal claim fairly presented if a petitioner made "essentially the same arguments" in his habeas petition that he had made in state court, even if he had not explicitly raised his federal claim. *See Tamapua v. Shimoda,* 796 F.2d 261, 262–63 (9th Cir.1986). However, the Supreme Court rejected this approach in *Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). *See Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir.1996) ("After *Duncan, Tamapua's* 'essentially the same' standard is no longer viable."). We have since held that "mere similarity" between a state claim presented in state

court and the federal claim made in the habeas petition does not suffice to avoid procedural default. *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999).

The Supreme Court in *Duncan* left open the question of what happens when the state and federal standards are not merely similar, but are, rather, identical or functionally identical. Several of our sister circuits had held, before *Duncan,* that presenting a state-law claim that is functionally identical to a federal claim is sufficient to present fairly the federal claim. *See Scarpa v. DuBois,* 38 F.3d 1, 7 (1st Cir. 1994) ("[P]resenting a state-law claim that is functionally identical to a federal-law claim suffices to effectuate fair presentment of the latter claim." (citing *Nadworny v. Fair,* 872 F.2d 1093, 1099–1100 (1st Cir.1989))); *Verdin v. O'Leary,* 972 F.2d 1467, 1476 (7th Cir.1992) (holding that when "facts *and* legal theory are the same," presentation of the state claim suffices to present the federal claim and that placing the burden on the petitioner to demonstrate the "clonal relationship" is appropriate); *Evans v. Court of Common Pleas,* 959 F.2d 1227, 1231–33 (3d Cir.1992) (holding that where the test for insufficiency of evidence is the same under Pennsylvania and federal law, failing to refer to federal law did not foreclose proper exhaustion); *see also Strogov v. Attorney Gen. of N.Y.,* 191 F.3d 188, 192 (2d Cir. 1999) (noting the possibility of proper exhaustion if a petitioner raised a federal claim in his habeas petition "functionally equivalent" to a state-law claim presented in state court).

We need not decide whether, after *Duncan,* citation of an identical or functionally identical state-law claim is sufficient to present a federal claim, for we cannot say that the Oregon and federal standards for constitutionally guaranteed right to counsel are more than merely similar. In two instances, the Oregon Supreme Court has treated state and federal right to counsel claims as equivalent, but in both cases the language chosen by the court indicates that the court assumed an equivalence of the state and federal standards only for the purpose of the case before it. *See Krummacher v. Gierloff,* 290 Or. 867, 627 P.2d 458, 461 (1981) ("*It is sufficient for purposes of this case* to examine the right to counsel *as if* the rights assured under each constitution are identical." (emphasis added)); *Gorham v. Thompson,* 332 Or. 560, 34 P.3d 161, 163 n. 3 (2001) ("*In this case,* the inquiry under the Sixth and Fourteenth Amendments to the United States Constitution is the same as the inquiry under Article I, section 11, of the Oregon Constitution." (citing *Krummacher,* 627 P.2d at 461) (emphasis added)). In other cases, the Oregon Supreme Court has treated the state and federal constitutional rights to counsel as presenting separate questions. In the most recent case, the court held that a state habeas petitioner had been denied "adequate assistance of counsel" under the Oregon Constitution, but declined to reach the question whether the petitioner had been denied ineffective assistance under the Federal Constitution. *See Lichau v. Baldwin,* 333 Or. 350, 39 P.3d 851, 856, 860 n. 3 (2002) ("Because we decide this case under Article I, section 11, of the Oregon Constitution, we need not consider petitioner's arguments under the Sixth Amendment to the Constitution of the United States."); *see also Stevens v. State,* 322 Or. 101, 902 P.2d 1137, 1141, 1143 n. 6 (1995) (same). Opinions by the Oregon Court of Appeals have used slightly different language to describe the state and federal standards, *see Jones v. Baldwin,* 163 Or.App. 507, 990 P.2d 345, 346 (1999); *Martinez v. Baldwin,* 157 Or.App. 280, 972 P.2d 367, 368 (1998); *Carias v. State,* 148 Or.App. 540, 941 P.2d 571, 572 (1997); *Chew v. State,* 121 Or.App. 474, 855 P.2d 1120, 1121 (1993), or have only point-

ed to the similarity of the two standards, *see Austin v. McGee,* 140 Or.App. 263, 915 P.2d 1027, 1029 (1996) (calling the federal standard "similar" to the Oregon standard).

██ The Supreme Court made clear in *Duncan* that "mere similarity" of the state and federal standards is not enough: "[M]ere similarity of claims is insufficient to exhaust." 513 U.S. at 366, 115 S.Ct. 887. Because Peterson has not shown that the standards for the right to counsel under the Oregon and federal constitutions are more than similar, we hold that Peterson's reference to the right to adequate assistance of counsel under the Oregon Constitution did not fairly present his federal claim of ineffective assistance of counsel under the Federal Constitution.

### III

The district court held not only that Peterson had failed properly to present his federal claim to the Oregon state courts, but also that he had procedurally defaulted in state court. Peterson does not contest that he procedurally defaulted, and that he therefore cannot go back to the state courts and present the federal ineffective assistance of counsel claim. The thirty-five day time limit for filing a petition for review in the Oregon Supreme Court has long passed, *see* Or.Rev.Stat. § 2.520, and Peterson cannot seek state post-conviction relief again, *see* Or.Rev.Stat. § 138.550(3). A federal habeas petitioner may be excused from the consequences of state court procedural default only if he or she can demonstrate cause for the default and actual prejudice from the alleged constitutional violation. *See Wainwright v. Sykes,* 433 U.S. 72, 84, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Peterson has made no showing of either cause or prejudice.

### Conclusion

Because Peterson did not properly present his federal ineffective assistance of counsel claim to the Oregon Supreme Court, and because his procedural default now prevents him from doing so, we AFFIRM the district court's dismissal with prejudice of his petition for habeas corpus.