**Torrance Keith NORMAN, Petitioner—Appellant,**

v.

**K.W. PRUNTY, Warden, Respondent— Appellee.**

No. 01–56156.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2003.

Decided April 8, 2003.

Before: T.G. NELSON, SILVERMAN and MCKEOWN, Circuit Judges.

MEMORANDUM *

Torrance Keith Norman appeals the district court's denial of his writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm. The parties are familiar with the facts, and we will not recite them here.

The California Court of Appeal decision was not erroneous.[1] First, the court did not err when it upheld the trial court's decision to instruct the jury solely on the offense of kidnaping for extortion, rather than the lesser-included offense of simple kidnaping.[2]

■ Second, the court did not err when it concluded that the trial court had not committed reversible error by instructing the jury that "kidnaping," under California Penal Code § 209, did not require asportation. Even assuming the trial court erred in its instruction, which is not clear,[3] the error was harmless in light of the facts presented to the jury. All of the seizure evidence included the movement of the victim. Thus, the jury could not have found seizure of the victim (a finding no one disputes) without also finding asportation.

Third, the California Court of Appeal properly concluded that, although the evidence that Norman possessed a semiautomatic weapon was controverted, it would nonetheless support the finding of a rational trier of fact that he did possess such a weapon beyond a reasonable doubt.[4] It is the province of the jury to resolve conflicting evidence such as that presented by the testimony of Reed in this case. In addition, the evidence, although circumstantial, adequately supported the jury's conclusion that Norman had the present ability to use the weapon to exert force against the victim.[5]

■ Finally, we conclude that Norman procedurally defaulted his fourth claim by failing to present it fairly to the California Supreme Court.[6] As in *Peterson v. Lam-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Under the Antiterrorism Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), we review the last, reasoned, state court decision. *See Benson v. Terhune,* 304 F.3d 874, 880 n. 5 (9th Cir.2002).

2. *See Turner v. Marshall,* 63 F.3d 807, 818–19 (9th Cir.1995) (holding that, in non-capital cases, a court need not instruct a jury on lesser-included offenses), *overruled on other grounds by Tolbert v. Page,* 182 F.3d 677, 685 (9th Cir.1999).

3. *See People v. Rayford,* 9 Cal.4th 1, 36 Cal. Rptr.2d 317, 884 P.2d 1369, 1374 n. 8 (Cal. 1984) (stating that Section 209(a) does not require asportation).

4. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (articulating standard).

5. *See, e.g., People v. Mosqueda,* 5 Cal.App.3d 540, 85 Cal.Rptr. 346, 347–48 (Cal.Ct.App. 1989).

6. *See Peterson v. Lampert,* 319 F.3d 1153, 1158–59 (9th Cir.2003). It appears that petitioner also has failed to present his claim to

*pert,*[7] petitioner's failure to cite federal law may be attributed to a choice made by counsel.[8] Thus, we find procedural default.

We conclude that the California Court of Appeal committed no error and that Norman has not met AEDPA's standards for reversal.[9] Thus, we affirm.

AFFIRMED.

---

the California Court of Appeal as well, thereby providing another ground for finding procedural default.

**7.** *Id.*

**8.** *Id.*

**9.** *See* 28 U.S.C. § 2254(d).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.