Michael George KOGIANES,
Petitioner—Appellant,

v.

Mel THOMAS, Warden; et al.,
Respondents—Appellees.

No. 01–16719.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Submission Deferred Dec. 23, 2002.

Resubmitted Oct. 27, 2003.

Decided Oct. 29, 2003.

Michael George Kogianes, pro se, Reg. No. 104341, Florence, AZ, David Taylor Shannon, AFPD, FPDAZ–Federal Public Defender's Office (Tucson), Tucson, AZ, for Petitioner–Appellant.

Diane M. Ramsey, Esq., Jon G. Anderson, DAG, Office of the Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: BRUNETTI, TASHIMA, Circuit Judges, and EZRA,* District Judge.

## MEMORANDUM **

■ Appellant Michael George Kogianes appeals the district court's order denying habeas corpus relief pursuant to 28 U.S.C. § 2254. We previously deferred submission of this case pending the resolution and disposition of the *en banc* case, *Peterson v. Lampert,* 319 F.3d 1153 (9th Cir.2003) (*en banc*). We then ordered the parties to brief the import of *Peterson* and provide the Court with a copy of Kogianes's Petition for Review to the Arizona Supreme Court. After reviewing Kogianes's Petition for Review to the Arizona Court of Appeals and the Arizona Supreme Court, we recognize that Kogianes did in fact exhaust his state remedies. Accordingly, we reverse the district court and remand pursuant to this disposition.

In *Peterson,* we joined our sister circuits and held that "for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Id.* at 1158. An appellant must exhaust his state remedies by fairly presenting the federal claims to state court. *Id.* at 1156. In doing so, the petitioner gives the state court an opportunity to act on his federal claim. *Id.* at 1156–1157. In Arizona, review in the highest court is discretionary. An inmate, however, must still petition the court for review in order to exhaust his claims. *Id.* at 1157 (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)).

■ Kogianes alleged ineffective assistance of counsel and due process violation claims to the Arizona Court of Appeals and the Arizona Supreme Court. He cited an Arizona case, *State v. Santanna,* 153 Ariz. 147, 735 P.2d 757 (Ariz.1987), which relied upon the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in support of its ineffective assistance of counsel analysis. He also alleged that the state violated his due process rights when the prosecutor, during closing argument, made statements regarding

---

* Hon. David A. Ezra, Chief United States District Court Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

why one of Kogianes's attorneys had left the case. Kogianes cited an Arizona case, *State v. Salcido*, 140 Ariz. 342, 681 P.2d 925 (Ariz.1984), to support his contention. *Salcido* is a case with analogous facts which relies on the Supreme Court's decision in *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), to supports its proposition that "[i]n criminal cases, a prosecutor has a special obligation to avoid 'improper suggestions, insinuations, and especially assertions of personal knowledge.' " 140 Ariz. at 344, 681 P.2d 925.

Accordingly, we find that Kogianes has exhausted his state remedies and the district court improperly determined that his federal habeas petition was procedurally barred. This case is reversed and remanded to the district court to determine if Kogianes is entitled to habeas corpus relief.

REVERSED AND REMANDED.