**Stephen Lewis FARRAR, Petitioner—Appellant,**

v.

**S.F. THOMPSON, Superintendent of Oregon State Penitentiary, Respondent—Appellee.**

No. C.A. 02–35406.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Oct. 28, 2004.

---

* Hon. Milton I. Shadur, Senior U.S. District Judge for Northern Illinois, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Stephen Lewis Farrar, Salem, OR, pro se.

Douglas Park, Esq., Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Stephen Lewis Farrar appeals pro se the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We conclude that all but

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

one of his claims are barred. The only reviewable federal claim—whether the prosecutor's comment on petitioner's post-arrest silence violated due process—was rejected by the district court. We agree and affirm.

## DISCUSSION

█ Farrar raises numerous arguments in his habeas petition in support of his claims that he was (1) denied a fair trial due to prosecutorial misconduct; (2) denied the right to represent himself; and (3) received ineffective assistance of counsel. All but one of these claims are barred because Farrar failed to exhaust state remedies by "fairly presenting his federal claim[s] in the state courts and thereby giving those courts an opportunity to act on his claim[s]." *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir.2003) (en banc). Although Farrar did file a post-conviction petition alleging his current claims, the petition was dismissed because it failed to state "particular, ultimate facts sufficient to constitute a claim for relief." Procedural default bars federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

█ We reject Farrar's contention that he should be excused from the default because his attorneys were ineffective or because he is "actually innocent." First, a claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *See Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Second, Farrar's claim that his post-conviction attorney was constitutionally deficient fails because Farrar had no constitutional right to counsel in post-conviction proceedings. *See Smith v. Idaho*, 383 F.3d 934, 939 (9th Cir.2004). Finally, we reject Farrar's claim of innocence because he has not offered any supporting evidence. *See Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (evidence must demonstrate "factual innocence, not merely legal insufficiency"); *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (petitioner must provide "new reliable evidence ... not presented at trial").

█ Farrar did exhaust one of his claims of prosecutorial misconduct by presenting the issue on direct appeal to the Oregon Supreme Court. That court denied relief, however, because it determined the prosecutor's comment on Farrar's post-arrest silence was a "non-prejudicial slip of the tongue." *State v. Farrar*, 309 Or. 132, 167, 786 P.2d 161, 184 (1990). Although commenting on a defendant's post-arrest silence may violate due process, *Doyle v. Ohio*, 426 U.S. 610, 611, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the record here supports a conclusion that the prosecutor's remark was inadvertent and non-prejudicial. Moreover, the comment, even if not inadvertent, was isolated and followed by a sustained objection and instructions. We agree with the district court that these circumstances do not rise to the level of constitutional error. *See Greer v. Miller*, 483 U.S. 756, 764, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (holding no constitutional violation occurs when only one impermissible comment was made and an immediate objection was sustained).

**AFFIRMED.**