Leonard D. VIGNOLO, Petitioner,

v.

John IGNACIO, Warden, Respondent.

No. 04–15242.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Nov. 17, 2004.

John C. Lamborse, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner.

Aimee E. Banales, Esq., John M. Warwick, Esq., AGNV—Office of the Nevada Attorney General, Carson City, NV, for Respondent.

Before: RYMER and HAWKINS, Circuit Judges, and BREWSTER,* Senior District Judge.

## MEMORANDUM **

Leonard Vignolo appeals the district court's denial of his petition for habeas corpus, following his conviction for first degree murder in Nevada. We affirm.

## I

Vignolo failed to exhaust his claim that his Sixth Amendment right to confronta-tion was violated by the state trial court's grant of a motion in limine restricting his ability to cross-examine Steve Kaboli. His counseled brief to the Nevada Supreme Court gave every indication of relying on state evidentiary rules; neither mention-ing a "constitutional right to confronta-tion," *Baldwin v. Reese,* 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004); *Castillo v. McFadden,* 370 F.3d 882, 886–87 (9th Cir.2004) (holding that general ap-peals to broad constitutional principles are insufficient to establish exhaustion), nor citing to *Seim v. State,* 95 Nev. 89, 590 P.2d 1152 (1979) and *Bushnell v. State,* 95 Nev. 570, 599 P.2d 1038 (1979), put the Nevada Supreme Court on notice that Vig-nolo was pursuing a federal constitutional claim. *See Peterson v. Lampert,* 319 F.3d 1153, 1158–59 (9th Cir.2003) (en banc).

## II

Lack of direct evidence that Rachael Karr was dead, that her death was caused by the criminal agency of another, or that her murder was perpetrated through a willful, deliberate, and premeditated killing does not require the petition to issue. There was ample circumstantial evidence. The Nevada Supreme Court's decision to this effect was neither contrary to, nor an unreasonable application of, clearly estab-lished federal law. *Lockyer v. Andrade,* 538 U.S. 63, 73–75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Rachael Karr had not been seen or heard from since 1981. Evi-dence introduced at trial showed that a confrontation occurred between Vignolo and Karr on the day she was last seen alive; that bumping noises were heard coming from Vignolo's office while Karr was there; that Vignolo had a firearm with

---

* Honorable Rudi M. Brewster, Senior District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a silencer which he carried in his briefcase; that at Vignolo's request Pierce delivered the briefcase to Vignolo in his office; that Karr's vehicle was left unlocked which was unusual; and that the window to her office was left open. In addition, Vignolo's actions following Karr's disappearance, including changing the tags on his car and confessing to Marilyn Frantz, supported the verdict as did the fact that Vignolo's family ended up with documents of title that Karr carried in her briefcase. Nor was the Nevada Supreme Court's decision that it is for the jury to determine credibility issues and the weight to ascribe to any conflicting testimony contrary to clearly established law. *See Schell v. Witek,* 218 F.3d 1017, 1023 (9th Cir.2000) (en banc).

## III

The Nevada Supreme Court's denial of Vignolo's post-conviction petition for habeas relief on grounds of ineffective assistance of trial counsel was not contrary to, or an unreasonable application of clearly established federal law. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An evidentiary hearing held by the state trial court indicated no prejudice on account of counsel's investigation.

## IV

We decline to grant a certificate of appealability on any of the uncertified issues that Vignolo briefed. Jurists of reason would not find the district court's rulings as to any of these issues debatable. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As to them, we lack jurisdiction.

AFFIRMED.