Gregory REED, Petitioner—Appellant,

v.

M. YARBOROUGH, Warden, Respondent—Appellee.

No. 03–55153.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

* This panel unanimously finds this case suit-

Gregory Reed, Crescent City, CA, pro se.

G. Tracey Letteau, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

**MEMORANDUM** **

California state prisoner Gregory Reed appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for second degree robbery. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see Leavitt v. Arave,* 371 F.3d 663, 668 (9th Cir.2004), we affirm.

Reed contends that his trial counsel rendered ineffective assistance by failing to request a competency hearing prior to Reed's three jury trials, and that appellate counsel rendered ineffective assistance by failing to raise trial counsel's alleged error. The record reveals that Reed failed to exhaust these issues. *See Peterson v. Lampert,* 319 F.3d 1153, 1155 (9th Cir. 2003). Reed argued in the California state courts that the trial court erred in failing sua sponte to conduct a competency hearing and raised other claims of ineffective assistance. However, the California courts were never presented an opportunity to apply the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to Reed's claim of ineffective assistance for failing to address competency to stand trial. Moreover, any claim of prejudice is undercut by the fact that the California appellate court rejected Reed's claim that the trial court erred in failing to hold a competency hearing. *See* 28 U.S.C. § 2254(b)(2); *James v. Borg,* 24 F.3d 20, 27 (9th Cir.1994) (stating that counsel was not ineffective for failing to raise motion that would have been futile).

**AFFIRMED.**

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.