Rosendo **DELGADO**, Jr., Petitioner—Appellant,

v.

Richard L. **MORGAN**, Warden, Respondent—Appellee.

No. 04–35541.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2005.

Decided Sept. 28, 2005.

Rosendo Delgado, Jr., Walla Walla, WA, pro se.

Anne Walstrom, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, John J. Sampson, Office of the Attorney General, Olympia, WA, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, ALARCÓN and KLEINFELD, Circuit Judges.

## MEMORANDUM [*]

Washington state prisoner, Rosendo Delgado, Jr., appeals from the district court entry of summary judgment in favor of the state in Delgado's 28 U.S.C. § 2254 petition for writ of habeas corpus. He seeks to challenge his conviction by a jury for the murder of a three year old child and attempted murder of multiple other shooting victims.

██ The district court correctly ruled that the petitioner failed to exhaust his claim that the trial court improperly admitted autopsy photos and the transcript of a 9–1–1 emergency phone call. We therefore affirm the district court's dismissal of that claim as not properly exhausted. The claim is procedurally defaulted under Washington law. *See* WASH. REV.CODE § 10.73.090(1) ("No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.")

Although the state maintains that the three remaining claims were not fairly presented to the Washington Supreme Court and therefore not exhausted, the district court correctly ruled that Delgado's remaining claims were fairly presented under the controlling standards and may be considered on the merits. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) ("for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue"); *Sanders v. Ryder*, 342 F.3d 991 (9th Cir.2003) (finding issue fairly presented where the state claim is identical to the corresponding federal claim); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668–69 (9th Cir.2005) (holding that claims were fairly presented when appended to petition for review in state supreme court).

██ The most significant of Delgado's claims is that the Washington Court of Appeals should have ruled Delgado's con-

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

fession inadmissable pursuant to *Miranda v. Arizona* and its progeny. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Our task is to decide whether the Washington Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

The record shows that the defendant confessed after he himself re-initiated conversations with police officers following his arrest and his request for an attorney. The Washington Supreme Court affirmed without comment the Washington Court of Appeals decision that the confession was admissible. There was no unreasonable application of federal law. *See Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) ("an accused ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police").

The remaining two claims before us are without merit. Delgado's claim that the Washington Court of Appeals improperly affirmed the exclusion of eyewitness expert testimony does not rise to the level of a constitutional violation of Delgado's right to present a defense. The decision to exclude the testimony was reasonable, within the trial court's discretion, and was neither contrary to, nor involved an unreasonable application of, clearly established federal law. Delgado's prosecutorial misconduct complaint must also fail because the district court properly affirmed that the trial court reasonably mitigated any damage to Delgado's case by issuing limiting instructions to the jury. The trial court's denial of Delgado's motion for a mistrial was neither contrary to, nor in-

volved an unreasonable application of, clearly established law.

AFFIRMED.