**Eric D. JOHNSON, Petitioner—Appellant,**

v.

**Dora B. SCHRIRO, Director, Arizona Department of Corrections; Arizona Attorney General Respondents—Appellees.**

No. 04–15559.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2006.*

Decided Feb. 23, 2006.

Eric D. Johnson, pro se.

Deborah M. Fine, AFPD, Federal Public Defender's Office, Flagstaff, AZ, for Petitioner–Appellant.

Kerri L. Chamberlin, Aaron Jay Moskowitz, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Petitioner, Eric Johnson, appeals the district court's denial of his petition for writ of habeas corpus. We affirm.

Johnson failed fairly to present his federal claims before the Arizona court. Therefore, his claims are unexhausted and therefore not properly before this court.[1]

"An application for a writ of habeas corpus on behalf of a person in custody

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Johnson also presents an uncertified issue with respect to testimony regarding his momentary silence after receiving the *Miranda* warning. We decline to expand the Certificate of Appealability ("COA") to reach this question because Johnson has failed to make

pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Therefore, a state prisoner "must properly exhaust his state remedies by fairly presenting his federal claim in the state courts and thereby giving those courts an opportunity to act on his claim." *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir.2003) (en banc) (*citing O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)); *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).

Johnson did not specifically present to the Arizona state courts the federal claims he now asserts. However, there are two situations when a state appeal that does not directly cite a federal right may still satisfy the requirement that the issue be presented for purposes of exhaustion: (1) when the state court pleadings cite federal cases, *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir.2000), *as modified by* 247 F.3d 904 (9th Cir.2001); or (2) when the state court pleadings cite state court decisions interpreting a federal right under federal law, *Peterson*, 319 F.3d at 1158.

Neither exception applies here. A careful review of the record indicates that Johnson did not distinctly raise a federal issue, cite to federal law in his state pleadings, or cite state court decisions that interpreted a federal right under federal law. Johnson did not exhaust his federal claims in state court and is therefore not entitled to federal habeas corpus relief.

**AFFIRMED.**

---

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

