**Nolan E. KLEIN, Petitioner— Appellant,**

v.

**Don HELLING; et al., Respondents— Appellees.**

No. 04–16187.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2006.*

Filed Feb. 14, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nolan E. Klein, Carson City, NV, pro se.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Robert E. Wieland, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

### MEMORANDUM **

Petitioner Nolan Klein, a Nevada state prisoner, appeals the District Court's denial of his federal habeas corpus petition, which challenges his conviction for robbery, burglary, and sexual assault. For the reasons explained below, the District Court's decision regarding Grounds One and 20(14) is affirmed, its exhaustion ruling is reversed, and we remand for further adjudication regarding Grounds 20(7) and 20(10).

### BACKGROUND

On the evening of May 9, 1988, a robbery, burglary, and sexual assault were committed in a Payless Shoe Store in Sparks, Nevada. Later that month, police officers discovered Klein in the vicinity of the crime, and took him to a police station, where they interviewed, photographed, and fingerprinted him. They also seized a knife from his car, which was located nearby. After several hours of questioning, Klein was permitted to leave. Officers later admitted that they never read Klein his rights as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Klein was convicted after trial. He pursued an unsuccessful appeal and numerous

post-conviction petitions in state court. His first federal habeas corpus petition was dismissed without prejudice, pursuant to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), because it contained unexhausted claims. After a return trip to state court, Klein filed his second federal habeas petition, which is the focus of this appeal.

The District Court ruled that the petition was still "mixed," containing both exhausted and unexhausted claims. The court gave petitioner the choice to voluntarily dismiss the petition and return to state court, or abandon the unexhausted claims and proceed with the federal petition. The court warned Klein that if he dismissed the petition he probably would not have an opportunity to file a new petition in federal court, given the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Klein therefore agreed to drop the claims that the court had deemed unexhausted.

The District Court then issued a decision, denying Klein's habeas petition. Klein timely appealed, and this court granted a Certificate of Appealability. We review de novo the District Court's decision to deny Klein's petition. *McQuillion v. Duncan,* 306 F.3d 895, 899 (9th Cir. 2002).

## DISCUSSION

### I. Exhaustion of Grounds 20(7) and 20(10)

█ A habeas corpus petitioner must exhaust all available state court remedies

prior to seeking federal review of any issue. 28 U.S.C. § 2254(b), (c) (2000). The petitioner must fairly apprise the state court system of the facts and the federal legal theory upon which she bases each claim. *See Gray v. Netherland,* 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Reynoso v. Giurbino,* 462 F.3d 1099, 1109 (9th Cir.2006).

A petitioner may make the federal basis of a claim explicit by citing to cases analyzing federal constitutional claims. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). Ground 20(7) of Klein's petition concerned counsel's instruction to Klein to communicate with one of the state's witnesses and her failure to contact the witness herself. Ground 20(10) highlighted counsel's failure to object to hearsay testimony by a detective. In his first post-conviction appeal, Klein described these facts, claimed that he was "denied a fair trial due to ineffective assistance of his trial counsel," and twice cited the Sixth Amendment case of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The exhaustion requirement was therefore satisfied.[1]

### II. Stay of Klein's Mixed Habeas Petition

█ The District Court ruled that because Klein's habeas petition included both exhausted and unexhausted claims, he must either abandon the unexhausted claims or suffer dismissal of his petition. We sua sponte requested the parties to brief whether that ruling violated our mandate in *Kelly v. Small,* 315 F.3d 1063, 1070

---

1. The Nevada Supreme Court opinion further demonstrates that the court was apprised of the federal nature of Grounds 20(7) and 20(10). The court cited *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, and decisions of Nevada State courts, all of which were based on the Sixth Amendment. This reflected the Nevada

Supreme Court's understanding that Klein raised Sixth Amendment claims. *See Peterson,* 319 F.3d at 1158 ("[F]or purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue.").

(9th Cir.2003) ("the district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those claims and then add them by amendment to his stayed federal petition"). In response, we are informed the District Court had previously permitted Klein to return to State Court to exhaust his claims. Indeed, Klein argues that "returning to State Court would be futile" and that "he will not and does not elect to return to state court to once again exhaust the same claims." Not surprisingly, the respondents endorse that position, noting that "Klein has already had an opportunity to return to state court to exhaust any unexhausted claims." Thus, while the District Court did not comply with *Kelly*, and of course did not foresee the Supreme Court's holding in *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (ruling that district courts should stay mixed petitions where "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . ."), we conclude that a remand for consideration of a stay is not required under the circumstances of this case. *Cf. Jackson v. Roe*, 425 F.3d 654, 655–56 (9th Cir.2005) (vacating and remanding for lower court to apply *Rhines* ).

### III. Procedural Default of Ground One

■ Where a state court has denied relief on the basis of "independent and adequate state procedural grounds," a federal court will be barred from reviewing the claim unless the petitioner can demonstrate cause for the default and prejudice as a result of the alleged constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir.1994).

As Ground One of his habeas petition, Klein claimed that prosecutorial misconduct at trial violated his Fifth and Fourteenth Amendment rights. In ruling on Klein's third post-conviction petition, the Nevada Supreme Court held that all twenty-three of Klein's then-pending claims, including Ground One, were procedurally barred under Nev.Rev.Stat. § 34.810(2) (1997). The court found that Klein had failed to show good cause and prejudice sufficient to overcome the state procedural bar.

Klein argues that the Nevada statute is unclear and therefore inadequate because it simultaneously refers to a situation in which new grounds are alleged and a situation in which no new grounds are alleged. This is incorrect. The statute describes as successive those petitions that include previously litigated claims and those petitions that include claims that should have been previously litigated but were not. § 34.810(2). The Nevada Supreme Court specified that it was ruling on Klein's petition as previously litigated. Klein has supplied no argument in favor of a finding of good cause and prejudice. Ground One is therefore barred.

### IV. Failure to Object to Evidence Obtained in Violation of Miranda

■ In order to prevail on his Sixth Amendment claim, Klein must show both that his attorney's conduct "fell below an objective standard of reasonableness" and that he experienced prejudice as a result. *Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052. We evaluate reasonableness from the point of view of counsel at the time of

the challenged conduct. *Id.* at 689, 104 S.Ct. 2052. The defendant bears the burden of demonstrating that counsel's behavior fell outside the range of sound trial strategy. *Id.* at 688–90, 104 S.Ct. 2052.

Klein asserts that his counsel's failure to request a hearing on the voluntariness of his statements, and her failure to object to evidence obtained in violation of *Miranda,* 384 U.S. 436, 86 S.Ct. 1602, constituted ineffective assistance of counsel.[2] The failure to file a suppression motion is not per se ineffective assistance of counsel, but it may be unreasonable where due to a failure to investigate rather than strategic considerations. *Kimmelman v. Morrison,* 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). "An uninformed strategy is not a reasoned strategy. It is, in fact, no strategy at all." *Correll v. Ryan,* 465 F.3d 1006, 1015–16 (9th Cir. 2006).

The state court ruled on the effectiveness of Klein's trial counsel after conducting an extensive hearing at which Klein was represented by counsel. Klein's trial counsel testified that she did not attempt to suppress the evidence because she wanted to present Klein as a cooperative and innocent victim of mistaken identity. Defense counsel's theory was that the police released Klein after extensive questioning because they believed Klein was innocent, or at least did not have enough evidence to establish probable cause, let alone guilt. Counsel also emphasized that she did not think the admitted evidence was particularly damaging to the defense. Nothing Klein had said linked him to the crime. No evidence, testimonial or otherwise, linked the knife from his car to that used in the commission of the crime.

The state court's factual findings shall be "presumed correct unless rebutted by clear and convincing evidence or unless based on an unreasonable evidentiary foundation." *Gonzalez v. Pliler,* 341 F.3d 897, 903 (9th Cir.2003); *see* 28 U.S.C. § 2254(e)(1). The hearing held by the state court revealed that counsel had considered the relevant issues. Klein has supplied no rebuttal evidence, and the logic of the state's decision is reasonable. Given the facts of this case, counsel's strategic decision did not constitute ineffective assistance of counsel.

### CONCLUSION

The decision below is **AFFIRMED in part** and **REVERSED in part,** and the case is **REMANDED.** Each party shall bear its own costs on appeal.

---

**2.** This claim constituted Ground 20(14) of Klein's federal petition.

