**James Larry SMITH, Petitioner–Appellant,**

v.

**Dora B. SCHRIRO; et al., Respondents–Appellees.**

No. 07–16249.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2008.

Filed Aug. 6, 2008.

Florence M. Bruemmer, Law Offices of Florence M. Bruemmer, PC, Anthem, AZ, Larry A. Hammond, Osborn Maledon, P.A., Anders V. Rosenquist, Jr., Rosenquist & Associates, Phoenix, AZ, for Petitioner–Appellant.

Karla Hotis Delord, Arizona Attorney General's Office, Phoenix, AZ, for Respondents–Appellees.

Before: KOZINSKI, Chief Judge, FARRIS, Circuit Judge, and PANNER,* District Judge.

---

\* The Honorable Owen M. Panner, United States District Judge, sitting by designation.

MEMORANDUM **

## I

■ James Larry Smith did not adequately present his federal due process claim. Smith's petition to the Arizona Court of Appeals only tangentially referenced federal law through citation to Arizona cases citing federal cases that do not squarely address the due process issue he now presses on appeal. This is insufficient to satisfy the rule of fair presentment. *See Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir.2005) (In state court, petitioner must "describe both the operative facts and the federal legal theory on which his claim is based." (internal quotation and citation omitted)).

Smith contends that even if he did not fairly present the federal claim, federal review is not barred in light of *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Smith has failed to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup,* 513 U.S. at 327, 115 S.Ct. 851 (internal quotation and citation omitted). Even without the testimony from Detective Whitson, there is sufficient evidence to support the jury's verdict. It would be unreasonable to conclude that no juror would have found Smith guilty. *See id.*

## II

Smith raises three uncertified ineffective assistance of counsel claims on appeal. We address these claims pursuant to Ninth Circuit Rule 22–1(e).

## A

■ Trial counsel's failure to investigate the hymen tear was not objectively unrea-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sonable given the apparent fruitlessness of the inquiry. Even assuming the performance of counsel was deficient, Smith has not shown prejudice. Smith has not demonstrated a reasonable probability that the result would have been different or that we should lack confidence in the fairness of the proceedings. *Strickland v. Washington,* 466 U.S. 668, 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## B

■ Smith procedurally defaulted on his claim that appellate counsel provided ineffective assistance by failing to raise the age-dating of the victim's hymen tear. Smith failed to present his federal claim properly to the state courts. His petition to the Arizona Court of Appeals cited no federal or state caselaw in its discussion of ineffective assistance of appellate counsel that would have alerted the court to the federal nature of the claim. *See Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The petition's discussion of ineffective assistance of trial counsel is not enough to fairly present the claim regarding ineffective assistance of appellate counsel. *See Baldwin v. Reese,* 541 U.S. 27, 33, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Moreover, Smith's petition to the state trial court cannot constitute fair presentation of his claim. *See Castillo,* 399 F.3d at 999–1000.

## C

■ Smith contends that his trial counsel provided ineffective assistance by failing to meet with him, to put on testimony of his son, and to call an expert witness regarding the hymen tear. The state post-conviction court rejected these claims, finding that even if counsel provided ineffective assistance, Smith "failed to demonstrate the prejudice that was caused thereby." This determination was not an unreasonable application of clearly established federal law. *See Cook v. Schriro,* 516 F.3d 802, 816 (9th Cir.2008). The record does not reflect that, but for his counsel's failure to meet with him, the outcome would have been different. *See Strickland,* 466 U.S. at 693, 104 S.Ct. 2052 ("[N]ot every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.").

Smith's claim that his counsel was deficient for failing to call his son as a witness is without merit. Smith has not clarified why such testimony would have affected his conviction on counts related to his conduct with Andrea. Smith's argument is pure conjecture. *See id.* Smith has also failed to demonstrate that the assistance of an expert witness could have changed the outcome of the trial. *See id.*

**AFFIRMED.**