**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



**FILED**

JUN 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **KIRK L. WILLIAMS**, | No. 13-35343 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00070-ST |
| v. | |
| **MARK NOOTH**, | **MEMORANDUM**[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted October 7, 2014
Portland, Oregon

Before:    **KOZINSKI**, **FERNANDEZ** and **FISHER**, Circuit Judges.

**1.** The district court properly dismissed petitioner's ineffective assistance of

counsel claim as procedurally defaulted. Petitioner can't overcome the procedural

default based on <u>Martinez</u> v. <u>Ryan</u>, 132 S. Ct. 1309 (2012), because he didn't

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

receive ineffective assistance during post-conviction proceedings, see Woods v. Sinclair, 764 F.3d 1109, 1137 (9th Cir. 2014).

Post-conviction counsel was ineffective only if it "amounted to incompetence" not to argue that direct-appeal counsel was ineffective for failing to pursue a Southard-type claim. Harrington v. Richter, 131 S. Ct. 770, 788 (2011). In evaluating the strength of that argument, reasonable post-conviction counsel would have known that the Oregon Supreme Court hadn't even granted review in Southard when direct-appeal counsel filed his brief, and that we "do[] not mandate prescience, only objectively reasonable advice under prevailing professional norms." Sophanthavong v. Palmateer, 378 F.3d 859, 870 (9th Cir. 2004); see also Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). Accordingly, reasonable post-conviction counsel could have viewed an attack on direct-appeal counsel's effectiveness as a "weaker issue[]" with "little or no likelihood of success." Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989).

**2.** The district court also properly dismissed as procedurally defaulted petitioner's claim regarding the sufficiency of the indictment, because petitioner failed to "fairly present his federal claim" to the Oregon Supreme Court. Peterson v. Lampert, 319 F.3d 1153, 1154 (9th Cir. 2003) (en banc). Petitioner "raised both

the state and federal issues in his briefing before the court of appeals, but then omitted the federal issue before the Oregon Supreme Court." Id. at 1159. As such, "there is reason to conclude that such omission [was] a strategic choice by counsel not to present the federal issue in hopes of convincing the Oregon Supreme Court . . . to grant review." Id.

**3.** Petitioner's claim that the state court admitted prejudicial evidence can't provide a basis for habeas relief because "[the Supreme Court] has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009). The state court's admission of the allegedly prejudicial evidence therefore didn't result in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**